## COE v. RITTER, *Appellant.*

1. **Deed, Description In.** The description in a deed was as follows: "Beginning on south side of Broadway, 520 feet west of the east line of the northwest quarter of the southeast quarter of section three, township forty-five, range twenty-one, in Pettis county, Mo., thence south 165 feet, thence east 120 feet, thence north 165 feet, thence west 165 feet, to the place of beginning." *Held*, that it was sufficient.

2. ———: **EVIDENCE.** Where no uncertainty in description appears upon the face of a deed, but is shown by extrinsic evidence, it is then competent, by other extrinsic evidence, to apply the description in the deed to the land intended to be described.

3. **Deed, Recitals in :** RETROSPECTIVE ENACTMENTS. It is competent for the legislature, by express enactment (Laws 1881, p. 171), to make the recitals in a mortgage, or deed of trust, *prima facie* evidence of the truth thereof, and it is not trenching upon private rights, nor an impairment of the obligations of contracts to apply such enactment to deeds previously executed.

4. **Evidence, Change in Rules of :** CONSTITUTIONAL LAW : RETROSPECTIVE LEGISLATION. Rules of evidence, like other rules affecting the mere remedy, are subject to continuous modification and control by the legislature, and changes effected in these rules by legislative authority may be made applicable to existing causes of action, without trespassing upon constitutional prohibitions respecting retrospective enactments.

5. **Judgment, Written Confession of by Husband and Wife.** A judgment rendered upon the mere written confession of a husband and his wife, filed in court, while it might be valid against the husband, can have no operation or force against the wife, whether it be regarded as simply a moneyed judgment against the wife, or as a judgment possessing attributes of that nature combined with others, which authorized a sale of her land for the enforcement of a mechanic's lien. *Per Sherwood, J.*

6. **Practice** : PARTIES : ENFORCEMENT OF MECHANIC'S LIEN. Where, in a proceeding to enforce a mechanic's lien, the trustee and benficiary in a prior deed of trust are not made parties, the judgment will have no force or effect as to the beneficiary in, or purchaser under, the deed of trust, and the purchaser, at a sale upon the mechanic's lien, will only acquire the equity of redemption, and the right to the premises after the trust lien has been paid.

7. **Mechanic's Lien** : ACCOUNT OF DEMAND : EVIDENCE. In a proceeding to enforce a mechanic's lien, the lienor must stand or fall by the account which he files, and the dates and items which he specifies, and cannot defeat or postpone a prior lienor or incumbrancer by matter *in pais.*

8. **Judgment Nunc pro Tunc** : RIGHTS OF THIRD PARTIES. A judgment, *nunc pro tunc,* will not be allowed to operate to the prejudice of the rights of third parties acquired in good faith between the time of the rendition of the original judgment, and the entry of the judgment *nunc pro tunc.*

9. **Judgment** : EXECUTION : SALE. A sale under an execution issued upon an original judgment, which conforms to a judgment *nunc pro tunc,* instead of such original judgment, is invalid.

10. **Parties, Substitution of** : STATUTE. One who acquires the title of a purchaser at a sale under a deed of trust, may, under the statute (R. S., sec. 3671), be substituted as party-plaintiff, after the institution of an ejectment suit by such purchaser.

*Appeal from Pettis Circuit Court*—Hon. J. P. STROTHER, Judge.

AFFIRMED.

*E. J. Smith* for appellant.

(1) It was error to admit in evidence the deed of Sheriff Murray, acting as trustee, without proof of the

absence from the state of Powell and Shackleford, trustees, which absence was necessary to give the sheriff power to act, and the recitals in the sheriff's deed are not evidence of that fact. The deed from Bunn to Coe was improperly admitted. It was void for want of description. (2) The lien dated from the commencement of the work. *Allen v. Sales*, 56 Mo. 28 ; *Douglass v. Zinc Co.*, 56 Mo. 388; *Reilly v. Hudson*, 62 Mo. 383. The fact that Bunn was not made a party to the lien suit makes no difference here, as plaintiff does not offer to redeem from the lien. *Heim v. Vogel*, 69 Mo. 529. (3) Plaintiff Coe could not recover, as he was not entitled to possession at the commencement of the suit, and did not bring suit. Bunn could not recover on a title acquired after the commencement of the suit. The right of possession that existed July 20, 1881, between Bunn and Ritter, and the rights, as to rents, that existed between Coe and Ritter, on and after September 7, 1881, cannot be litigated in this case. *Wilson v. Garoghty*, 70 Mo. 517.

*A. W. Anthony* for respondent.

(1) The description in the deed was sufficiently certain. *Hardy v. Matthews*, 38 Mo. 121 ; *Campbell v. Johnson*, 44 Mo. 248. (2) The general judgment rendered against Mrs. Hickey was a nullity, and a sale under it conveyed no title, not even the husband's interest as tenant by the curtesy, if it existed. *Higgins v. Peltzer*, 49 Mo. 152 ; *Corrigan v. Bell*, 73 Mo. 53 ; *Werneke et al. v. Woods, Adm'r*, 58 Mo. 352. Her confession of judgment, if in proper form, was a nullity. *Higgins v. Peltzer*, 49 Mo. *loc. cit.* 156. It is not in proper form. R. S., p. 629, sec. 3697. The attempt made about four years afterwards, to correct the judgment rendered, by a *nunc pro tunc* entry, was of no validity. The property was not again sold after the *nunc pro tunc* entry. Ritter, therefore, acquired noth-

ing by his deed. (3) Next, as to the *nunc pro tunc* entry : In *Jones v. Hart*, 60 Mo. 351, the whole question is carefully considered, and, applied to this case, as is against the appellant. See also *Fetters v. Baird*, 72 Mo. 389. It could not affect Bunn's title. *McClanahan v. Smith*, 76 Mo. 428.

SHERWOOD, J.—This action, ejectment, originated in a contest between Bunn, the original plaintiff, the beneficiary in, and purchaser under a deed of trust, and Ritter, defendant, purchaser under a judgment for the enforcement of 'a mechanic's lien. The deed of trust, under which Bunn bought and plaintiff claims, was acknowledged and filed for record, August 9, 1873, by Catharine Hickey, and her husband, James, Catharine being the owner of the fee, and the admitted common source of title. A sale of the land conveyed by this trust deed, embracing the premises' in dispute, as well as other land, occurred December 12, 1876, the sheriff of the county, Murray, being the acting trustee, authorized for that purpose by the deed itself, in the absence of Powell, the trustee, who was stated in the trust deed to be a resident of Connecticut.

Bunn became the purchaser at this sale, and, after bringing this suit, conveyed the land to Coe, the present plaintiff, by two deeds, the first a warranty deed, which does not, perhaps, sufficiently describe the land in suit; the second, which describes it as follows :

"Beginning on the south side of Broadway, 520 feet west of the east line of the northwest quarter of the southeast quarter of section three (3), township forty-five (45), range twenty-one (21), in Pettis county, Mo., thence south 165 feet, thence east 120 feet, thence north 165 feet, thence west 165 feet, to the place of beginning."

The sale at which defendant Ritter purchased, under judgment for enforcing his lien against the property in

occurred September 5, 1876, and a deed was made to suit, him on the next day. The deed recites a judgment rendered September 21, 1874, on a lien filed February 25, of that year. The original lien paper was filed February 24, 1874, showing the last item for lumber sold was September 16, 1873. The original judgment, of date September 21, 1874, shows that on *that* day the cause was docketed and the petition filed for the enforcement of the lien. This judgment does not recite the appearance of the defendants, nor that they were served with process, but it does recite that the court found the amount for which judgment was rendered from the proof adduced, and from the "confessions of the defendants." Following what is called a "substituted petition," on which is no indorsement, or filing of date, or otherwise, there is a paper referred to by counsel for defendant, which bears date September 21, 1874, the date of the judgment, and is signed and sealed by Catharine Hickey, and her husband, James, by which they confess judgment for the amount rendered, and authorized judgment for that as well as for the enforcement of the mechanic's lien, and the judgment was rendered accordingly, as appears by the record. Neither Bunn, nor the trustee in the trust deed, were made parties to the proceeding for the enforcement of the mechanic's lien. The evidence shows that Cowsley was the carpenter and defendant the material man.

I. I find no difficulty as to the description of the land as set forth in the quit-claim deed from Bunn to plaintiffs. It is not shown that there is but *one* "Broadway" in Pettis county; it certainly does not appear from the face of the deed that there are *two*, and there is, therefore, nothing denoting uncertainty in the description. If there *are* two "Broadways" in Pettis county, then this must be shown by extrinsic evidence, and when shown, then it is clearly admissible, by other extrinsic evidence, to apply the description in the

deed to the particular Broadway intended. *Hardy v. Matthews*, 38 Mo. 121; *Campbell v. Johnson*, 44 Mo. 247. It is not seen how the description of the initial point, in the present instance, is more uncertain than if the deed had said "beginning at a limestone rock 520 feet west of the east line," etc., in which case no one would doubt the sufficiency of the descriptive words.

II. Although the recitals in the deed of trust were not evidence at the time of its execution, yet, since that time, the legislature has, by express enactment, made such recitals *prima facie* evidence of the truth thereof, even as to deeds previously executed. Sess. Acts 1881, p. 171. And it was competent for the legislature to do this. When thus regulating the remedy and mode of proceeding in courts, the legislature is but engaged in the legitimate exercise of its accustomed functions, and does not, by so doing, trench upon vested rights, or impair the obligation of contracts. The right to have one's controversies determined by existing rules of evidence does not fall within the list of vested rights; nor does it constitute any essential portion of a contractual, or other right which a party desires to enforce. Such rules, like others affecting the mere remedy, are subject to continuous modification and control by the legislature, and changes effected in these rules, by legislative authority, may be made applicable even to existing causes of action, and will not trespass on constitutional prohibitions respecting retrospective enactments. Numerous instances and illustrations of this doctrine are to be found in the books. *Rich v. Flanders*, 39 N. H. 304; Cooley's Const. Lim. 351, 452, and cases cited.

III. In the view I take of this cause, it becomes unnecessary to consider the declarations of law given or refused. This will be made manifest as I proceed with this opinion. If the original judgment, of date September 21, 1874, which purports to enforce the me-

chanic's lien, was rendered on the mere written confession of the husband, Hickey, and his wife, filed in court, as seems to be the case, such a paper, while it might be valid against the husband, could have no operation or force against the wife, whether the judgment be regarded as simply a moneyed judgment against the wife, or as a judgment possessing attributes of that nature combined with others, which authorized a sale of her land for the enforcement of the mechanic's lien. Considered merely as a moneyed judgment against the wife, it would be held null even if she had been served with process in the accustomed way. *Higgins v. Peltzer*, 49 Mo. 152. In the case just cited, that of *Caldwell v. Walters*, 18 Pa. St. 79, is noticed with approval, wherein it was held that a bond and warrant of attorney to confess judgment, given by a married woman and her husband, did not authorize judgment against her, and that a sale of her land, under such judgment, was, like the judgment on which it was based, absolutely void. In *Higgins v. Peltzer*, *supra*, other cases of similar import are cited, enforcing the doctrine already announced; and in that case it is held that such judgment, being absolutely void, it is open to collateral attack.

The cases which hold that a married woman cannot confess judgment where the result will be a personal judgment against her, do so upon the theory that a judgment is a specialty, creates a debt, is in the nature of a contract, and, therefore, cannot be taken against, or confessed by a person *non sui juris*. Freeman on Judgments, secs. 149, 150, and cases cited; Schoul. H. & W., sec. 331, and cases cited. And if a *feme sole* give a warrant to confess judgment, and marry before it be entered, the warrant is thereby countermanded, and judgment shall not be entered. *Anon.*, 1 Salk. 399. There are cases which hold that a married woman may lawfully confess judgment in a personal action, but they do so while admitting the rule to be otherwise at common

law, placing their decisions expressly on the ground of innovating statutes, which permit a *feme covert* to sue and be sued, contract and be contracted with as a *feme sole*. *Bank v. Garlinghouse*, 53 Barb. 615; *Travis v. Willis*, 55 Miss. 557. In this state, at the time the judgment in question was rendered, a married woman still labored under the disabilities incident to her *status* at common law. R. S., 1879, sec. 3468. In *Patton v. Stewart*, 19 Ind. 233, while a warrant of attorney to confess judgment, acknowledged before the clerk by a married woman, was held invalid, as being a proceeding unknown to the law, intimation is given that she might, if present in open court, waive the service of process, but this is a point not necessary to be now considered, as the judgment does not recite such appearance, and counsel for defendant, in his abstract, relies on the statement filed in the cause, and attached to the substituted petition, whereby Hickey and wife, under their hands and seals, waived the issuance of summons, and confessed judgment.

I take it, that if a *feme covert*, in an ordinary action for the recovery of money, as has been frequently decided by this court, is an improper party defendant, and that a judgment against her is null, (*Alexander v. Lydick*, 80 Mo. 741, and cases cited), and if a judgment in such an action, rendered against a married woman upon a warrant of attorney, is also null, save where, by express statutory regulation, she is enabled to occupy the attitude and assume the *status* of one *sui juris*, as is shown by the authorities cited, then the judgment under consideration, in so far as it enforces the mechanic's lien against her property, as well as in so far as it authorizes a moneyed recovery against her, must share the same fate, and fall under the ban of the same prohibitory principle. It is wholly impossible, it seems to me, to point out any solid or reasonable distinction between the nature, or the result, of such extra-judicial

confessions. Moreover, this court, in many cases, too numerous to mention, has, with unvarying firmness, followed and obeyed the statutory behest, in declaring that there is but *one mode* whereby husband and wife can convey, or affect the real estate of the latter, by the execution of any deed, or instrument of writing, and that is "*by their joint deed acknowledged*," etc. *Rannells v. Gerner*, 80 Mo. 474, and cases cited ; R. S., 1879, secs. 669, 2197. It is needless to judge how easy would be the evasion of these statutory provisions and protections, if a married woman, by joining with her husband in the execution of an unacknowledged instrument, might authorize a judgment or decree to be entered, which, when enforced, would divest her of title in her real estate, and compulsorily convey her land. These reasons alone are sufficient to show the utter invalidity of the judgment recovered by Ritter in 1874, and to uphold the recovery obtained by plaintiff in the present action ; but there are other reasons of equal cogency supporting that recovery, which I will proceed to mention.

IV. Neither Bunn nor the trustee in the deed of trust, were made parties in the proceeding to enforce the mechanic's lien. The language of the statute is express that : "In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy, or in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by any such proceedings." R. S., 1879, sec. 3180.

The case of *Crandall v. Cooper*, 62 Mo. 478, is similar, in all its essential facts, to the case before us. There the deed of trust, Clark being the beneficiary, was recorded April 21, 1870. The mechanic's lien dated from the tenth day of July next thereafter. A sale occurred under the deed of trust, at which Clark became the purchaser, and received a conveyance of the property,

and a sale also took place under the proceedings for the enforcement of the mechanic's lien, a deed being made to the purchaser, and it was ruled that under the statutory provisions applicable in such cases, that as Clark was not made a party to the proceedings to enforce the mechanic's lien, he was a stranger to them, and they had no force or effect on him; that as the law (R. S., sec. 3174) only gave the lien to the extent of the interest owned by the proprietor, and as that interest at the time the lien attached, was subject to ·Clark's prior lien, the purchaser at the sheriff's sale acquired no greater interest than the proprietor had, *i. e.*, the equity of redemption, or a right to the premises after the trust lien was paid off; but that as Clark was the purchaser under the circumstances already mentioned, his rights were paramount to any interest obtained through the enforcement of a lien acquired subsequently to that of his own. This case is decisive of the one at bar.

V. It has been urged that the lien of Ritter is prior to that created by the trust deed, because the work was begun before the deed of trust was executed. If this is true, it certainly does not correspond with the items in the lien, they ranging from September 2, to September 16, 1873. The claim is made that these dates are not *conclusive* on Ritter, and that he is at liberty to show that the materials began to be furnished at an earlier date, one anterior to that of the deed of trust. The statute evidently does not sanction such a view. It requires the filing of "a just and true account of the demand due * * * after all just credits have been given." R. S., sec. 3176. Of course, it is expected that "a just and true account" shall contain all the various items and dates that go to make it up, for this is the accustomed meaning of the words. If, after a lien filed, and dates given, it were allowable to introduce parol evidence to show that materials were furnished at an earlier or later date, as interest or lapse of memory

might suggest or cause, the tenure of others interested in the land on which the lien is filed would certainly prove very precarious, and depend not upon a permanent record filed in the clerk's office, but upon extrinsic evidence. The view here expressed, as to the nature and requirements of such an account, is approved in the case of *McWilliams v. Allen*, 45 Mo. 573, where it is aptly remarked : " Where it is proposed to embarrass real estate with the encumbrance of a lien, it is no hardship to require of the lienors a statement of their demand, sufficiently precise and full to acquaint the owners, and all interested parties, with its nature and extent, with a specification of debit and credit. This was clearly the intent of the law giving the lien ; and the provision is wholesome, and must be respected and carried out." From these premises I conclude that a lienor must stand or fall by the lien which he files, and the dates and items which he specifies, and is not at liberty to defeat or postpone a prior lienor or incumbrancer, by matter *in pais*.

VI. It is unnecessary to say anything more of the judgment *nunc pro tunc*, entered in the year 1878, long after the sale under the deed of trust, and without notice of any sort whatever, except that such amended entry could not affect Bunn, who purchased under the deed of trust. *McClanahan v. Smith*, 76 Mo. 428.

VII. And the sale, under the execution issued on the original judgment, was invalid, because it did not conform to such judgment, but to the one entered now for then in 1878. It follows, therefore, that defendant's title rests upon an execution with no judgment to support it.

VIII. Relative to the substitution of Coe as plaintiff in place of Bunn, there can be no objection to it, since the statute, in express terms, permits it to be done, R. S., 1879, sec. 3671. As plaintiff has not appealed, it need not be ruled whether he should have been allowed

to recover for rents anterior to the execution of the deed from Bunn to him.

The judgment is affirmed. All concur, except as to paragraph three of this opinion, concerning which, no opinion is expressed but by Black, J., who dissents.