## MISSOURI FIRE CLAY WORKS, Respondent, v. WILLIAM ELLISON, Appellant.

### St. Louis Court of Appeals, March 27, 1888.

| | |
|---|---|
| 30a | 67 |
| 31a | 38 |
| 30 | 67 |
| 43 | 368 |
| 30 | 67 |
| 49 | 284 |
| 53 | 313 |
| 53 | 322 |
| 30 | 67 |
| 56 | 517 |
| 116m | 673 |
| 30 | 67 |
| 59 | 347 |
| 30 | 67 |
| 62 | 429 |
| 30 | 67 |
| 63 | 369 |
| 30 | 67 |
| 67 | 273 |
| 30 | 67 |
| 77 | 433 |
| f79 | 357 |
| 30 | 67 |
| 89 | 223 |
| 30 | 67 |
| 90 | 609 |

1. CORPORATION DEED, HOW EXECUTED.—A deed purporting to be the deed of a corporation, signed with the corporate name by its secretary and treasurer, and with the name of its president, having the word "seal" written within a scroll adjacent to the names, and being acknowledged before a notary public with the recital that the corporation, by its president and secretary, naming them, personally came before the officer, etc., is a properly executed and acknowledged deed of the corporation, under the law as it stood prior to the taking effect of the act of April 2, 1883. The authority of the officers to execute the deed will be presumed in the absence of evidence to the contrary.

2. TRUST DEED SALE—IMMATERIAL VARIANCES.—Where a deed of trust directs that the sale be made in the city of Pacific and that the time shall be stated in the advertisement ; and where the sale purports to have been made in the *town* of Pacific, and the advertisement calls for the sale to be made between nine a. m. and six p. m., and there is nothing in the trustee's deed purporting to show that the sale was made between those hours ; and where the deed requires that the advertisement shall be published in some newspaper printed and published in the city of Pacific, and the affidavit shows that the newspaper is merely published in Pacific, without showing that it is printed there, the apparent variances and omissions are not substantial, and do not affect the competency of the evidence, or the validity of the title acquired by the purchaser at the sale.

3. —— MECHANIC'S LIEN—PRIORITIES IN TITLE.—The rights acquired from a sheriff's sale under a mechanic's lien suit and judgment cannot prevail over the title derived from a deed of trust which was of record before the date of the first item embraced in the lien claim, when the claimant under the trust deed and his privies were not parties to the lien proceedings. The sheriff's sale, in such a case, can convey only the equity of redemption, and this is liable to be extinguished by a sale under the deed of trust.

4. PRACTICE—INSTRUCTIONS.—Where one of two defendants is discharged by a direction to the jury, no prejudicial error is committed against the other defendant by the language of an instruction which refers to the liability of "the defendants or either of them."

5. ———— ———— It is no ground of error that the court failed to define the difference between goods, or chattels, and fixtures when no instruction was asked for to that end.

6. DAMAGES—OPINION—VALUE.—Value is a matter of opinion, to be proved by persons acquainted therewith ; but the opinions of such persons are not necessarily binding upon the judgment of the jury.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

SMITH P. GALT, for the appellant : The court erred in admitting testimony of plaintiff's witness Shea. The amount of damages was the question for the jury to decide, not the witness. The court erred in excluding defendant's testimony, offered of any and all proceedings in the mechanic's lien suit of Ellison *et al. v.* Missouri Fire Brick Company, and the sheriff's sale and deed to Ellison thereunder of the premises in question, and in giving instruction number one for plaintiff, which embodies the theory under which the court tried the case. Rev. Stat., secs. 3172, 3174, 3178, 3193. "These statutes are highly remedial in their nature and should receive a liberal construction to advance the just and beneficent objects had in view in their passage." *De Witt v. Smith*, 63 Mo. 266. Ellison & Son, between May 18 and August 24, 1883, furnished to said company the materials and performed the work set forth in their mechanic's lien, prosecuted the same to judgment and sale, and received a sheriff's deed November 20, 1885. Plaintiff's trustee's deed was executed December 22, 1885. Therefore, the mechanic's lien was preferred under our statutes and the law to the deed of trust. *Thomas v. Davis*, 76 Mo. 72 ; *O'Brien v. Hanson,* 9 Mo. App. 545 ; *Goodin v. Elleardsville*, 5 Mo. App. 289 ; *Reilly v. Hudson*, 62 Mo. 383 ; *Hall v. Planing Mill Co.*, 16 Mo. App. 454 ; *Hydraulic Press Brick Co. v. Bormans*, 19 Mo. App. 664 ; *Planing Mill Co. v. Bormans*, 19 Mo. App. 671 ; *Douglass v. Zinc Co.*, 56 Mo.

388; *Brooks v. Railroad,* 101 U. S. 443; *In matter of Diekel's Estate,* 1 Pearson (Pa.) 213; *Neilson v. Railroad,* 44 Iowa, 71; *Conrad v. Sarr,* 50 Iowa, 470; *Welch v. Porter,* 63 Ala. 232. The court erred in its instruction number three for plaintiff, in telling the jury thereby that "if the defendants or either of them took them (the goods and chattels) or any of them from the premises, and converted them to their own use, then your verdict should be for the plaintiff and against the defendant, William Ellison," etc. The defendant could not be held liable for the acts of Joseph Ellison.

Geo. D. Reynolds and Wm. S. Relfe, for the respondent: The court committed no material error in admitting the testimony of witness Shea, in answer to the questions of the court as to the amount of damage to the floor. The failure of the court to erase the letter "s" from the word "defendants," and the words "or either of them," etc., from the third instruction, was a mere oversight and not an error that prejudiced appellant. For the purposes of this case, it makes little difference and was not a material issue in it, as to whether the articles removed were "fixtures" or not. *Reiley v. Hudson,* 62 Mo. 383. Instruction number one is good law, and the action of the court in excluding the deed and record of proceedings in the lien suit was correct.

Thompson, J., delivered the opinion of the court.

This action is for damages occasioned by the alleged trespass of William Ellison and his son and partner, Joseph Ellison, in unlawfully breaking into premises of respondent and unlawfully and violently injuring the realty, and removing therefrom a lot of chattels there situated and converting them to their own use. The petition on which the case was tried consists of two counts, the first for damages to the realty, the second for the conversion of chattels. In each count the damage is laid at eight thousand dollars.

As appears by the bill of exceptions, there was a total failure of evidence connecting the defendant, Joseph Ellison, with the alleged trespass, and the court, at the close of the evidence, instructed the jury to that effect, whereupon plaintiff took a nonsuit as to him, with leave, etc.

The history of the case, as shown by a joint bill of exceptions embracing evidence admitted and excluded, was substantially as follows: The Missouri Fire Brick Company, of Franklin county, being the owner of the premises described in the second amended petition, in September, 1882, began the erection thereon of a large building, fitted with boiler, engine, and other heavy machinery connected therewith, for the purpose of manufacturing fire brick. William Ellison & Son prosecuted a mechanic's lien suit for their account for work, materials, and machinery, claimed to have been done and furnished for that building, and obtained a special judgment therefor against the premises and the building and improvements thereon; and upon a sale thereunder, William Ellison became the purchaser thereof, and obtained his sheriff's deed therefor on November 20, 1885. Between the date of the judgment and the sheriff's sale, the building was entirely consumed by fire, leaving upon the ground unconsumed, but attached thereto, the engine, boiler, and other iron fixtures therein. While the building was in process of construction, but before Wm. Ellison & Son began furnishing any of the items of said account, said company gave a deed of trust upon said real estate to secure an indebtedness owing by it. There was a sale thereunder by the trustee therein, and the plaintiff obtained a trustee's deed therefor on December 22, 1885.

This suit was brought by the plaintiff against William Ellison and Joseph Ellison, to recover damages alleged to have been sustained by reason of their removing the engine, etc., from the premises, and injuring the premises in so doing, after William Ellison had obtained his deed therefor, upon the theory that,

because the deed of trust was prior to any of the items in the mechanic's lien, it took precedence thereof, and Ellison had no rights under his sheriff's deed, as against the claims of the plaintiff, a purchaser under the deed of trust. Plaintiff's theory would seem to have been sustained by the trial court. There was a verdict and judgment for the plaintiff against the defendant William Ellison, in the sum of two hundred dollars, on the first count, and one thousand dollars on the second count of the petition.

I. At the trial the plaintiff offered in evidence a deed of trust, purporting to have been made by Missouri Fire Brick Company to Charles F. Lachmund, trustee, conveying the real estate mentioned in petition, dated January 13, 1883, and recorded in the recorder's office of Franklin county, Missouri, January 16, 1883. The defendant objected to this as incompetent, for the following reasons, stating them separately : (1) Because it is not under seal ; (2) because it does not purport to be under the seal of the company ; (3) because no authority is shown for its execution ; (4) because it is not signed by the company, and does not purport to be so signed ; (5) because the acknowledgment purports to be made by the company, and is not sufficient to entitle it to be recorded. The court overruled these objections, and the defendant excepted. The deed purports to be the deed of the company, and is signed as follows : "Missouri Fire Brick Company, by J. R. Trusdale, Sec. and Treas. (seal). Henry Keszler, President. (seal). C. F. Lachmund, trustee. (seal)." Then, to the left of these names is the word "seal" written within a scroll. It is acknowledged before a notary public, and the acknowledgment recites that the Missouri Fire Brick Company, by Henry Keszler its president, and Jno. R. Trusdale, its "Sec. & Treas.," personally came before the officer, etc. This makes it a good deed of the corporation. The word "seal," in a scroll standing to the left of the three signatures, may well be regarded as the seal of the corporation ; the acknowledgment is other-

wise in proper form under the law as it stood prior to the date when the act of April 2, 1883, took effect; authority on the part of the president and secretary to execute a deed for the corporation need not be affirmatively shown by a party claiming under the deed, but, in the absence of evidence to the contrary, such authority is presumed.    This objection was rightly overruled.

II.    The plaintiff then offered in evidence said trustee's deed to the plaintiff, dated December 22, 1885, conveying said premises to the plaintiff.   The defendant objected to it as incompetent, because the deed of trust says the sale shall be had in the *city* of Pacific, and the sale purports to have been made in the *town* of Pacific; and because the advertisement purports to have been made in the city of Pacific, and the advertisement calls for the sale to be made between nine a. m. and six p. m., and the deed of trust requires that the time shall be stated in the advertisement, and there is nothing in this deed purporting to show that the sale was made between those hours; and because the deed of trust requires that the advertisement shall be published in some newspaper *printed* and published in the city of Pacific, and the affidavit shows that the newspaper is merely published in Pacific, and there is nothing to show that it is printed there.   The objection was overruled, the defendant then and there excepting.   The deed was then read in evidence.   These objections were rightly overruled.   The variances were not substantial.   The objection grounded on the variance between the word "city" and "town" was frivolous, since the identity of the place is not questioned.

The deed of trust does not require the advertisement to be published in some newspaper *printed* and *published* in the city of Pacific, but in some newspaper printed in the city of Pacific.   This was intended to guard against its being published in some newspaper whose place of publication was elsewhere.   It is well known that the business of printing and publishing newspapers has so advanced within recent years that

country newspapers are sometimes printed, in part or entire, in a city, and the whole edition shipped to the place of publication in the country, where they are issued and distributed through the mails. If the paper was in fact published at Pacific in the sense of its being edited there, of its business being done there, and of its being distributed from there, it was "printed" there within the intendment of this deed. Besides, the trustee's deed recites that the advertisement was "printed and published in the Pacific Herald, a newspaper printed and published in the town of Pacific," and by the terms of the deed of trust and by the recent statute, the recitals in the trustee's deed of this fact are *prima-facie* evidence. *White v. Stephens* 77 Mo. 452; *Coe v. Ritter*, 86 Mo. 282; Sess. Acts, 1881, p. 171.

The failure of the deed to recite the hour at which the sale took place does not *per se* avoid the deed, or defeat the plaintiff's title as a purchaser thereunder; though, if the trustee did not pursue in this particular the directions of the deed in making the sale, that might be ground for setting aside the deed at the suit of the grantor therein. But, as the deed of trust says nothing about the hours of sale, it will not be presumed in this proceeding, in the absence of any recital in the deed as to the hour at which the sale took place, that it took place outside the extreme hours prescribed in the advertisement; because such a presumption would not only be contrary to all the probabilities of the case, but it would involve the further presumption of a gross fraud and breach of trust on the part of the trustee.

III. The defendants gave testimony tending to prove that the construction of the said building on said premises was not completed until after they had furnished the materials to said building, and the machinery set forth in the certified copy of their mechanic's lien, offered in evidence and hereinafter referred to. The defendants, to maintain their right to the possession of the premises and property, and, to do what was done,

severally offered to read in evidence the following certified copies respectively, of proceedings in the case of William Ellison and Joseph Ellison *vs.* Missouri Fire Brick Company, in the circuit court of Franklin county, state of Missouri, to-wit: The certified copy of mechanic's lien, of the petition, of the amended answer, of the reply to amended answer, of the judgment and decree, and also the sheriff's deed of November 20, 1885, upon execution and sale, under the judgment and decree, to William Ellison, of the premises. As each of said certified copies, and also said deed, were respectively offered in evidence by the defendants, the plaintiff objected to the same as immaterial, on the ground that the plaintiff's rights could not be affected by the same, because the deed of trust offered in evidence by the plaintiff was executed and on record before the indebtedness to the defendants, set forth in their said mechanic's lien, arose. The court sustained this objection to each of these offers of evidence, to which the defendants excepted. It was admitted in the progress of the trial, by both parties, that the work done and the materials furnished by the defendants, for which the lien was claimed, were done and furnished by defendants under a distinct contract, made and entered into by them with the Missouri Fire Brick Company, which contract was made *a few days* before the first item, claimed for in the lien filed, was furnished and done ; and that defendant and his firm had no connection with Shea, the general contractor for the work, and were not contractors, materialmen, or laborers under him. The defendants also gave evidence tending to prove that the construction of the building was not completed until after they had furnished the material to the buildings, and the machinery set forth in their claim of lien. The court instructed the jury that, "as the plaintiff was not a party to the mechanic's lien suit in Franklin county, it is not bound by the judgment therein, nor are the sale thereunder and the deed by the sheriff of any effect as against the plaintiff in this case,

and the court instructs you to disregard all evidence before you in relation to said lien and sale.''

In order to determine the propriety of this ruling, it is necessary to recur to some of the dates. The improvements were commenced under a contract with Shea in September, 1882. The mortgage was of record on the sixteenth of January, 1883. The first item in the account of Ellison & Son, on which they base their claim of a mechanic's lien, was furnished on the eighteenth of May, 1883, under a contract made "a few days" prior thereto. Their contract with the owner was, therefore, made and all the items furnished under it were, therefore, furnished several months subsequently to the making and recording of the mortgage.

The question whether their lien related back to the commencement of the improvements by Shea is contested, on the ground that they were not subcontractors under Shea, were not in privity with him, and hence that the so-called "first-spade" rule does not apply to them. In the view we take of the case, it is not necessary to consider this question; because, when they made their contract with the owner of the property the mortgage under which the plaintiff claims was of record. In order to charge the interest of the beneficiary under that mortgage, they were bound to make him and also the trustee in the deed of trust parties to their proceedings to establish their mechanic's lien; this was necessary in order to establish the lien *as against them*, and conclude their rights, and failing in this, they established their lien only against the equity of redemption of the owner, and, under the sale to enforce the same, they acquired only this equity of redemption. *Crandall v. Cooper*, 62 Mo. 478; *Coe v. Ritter*, 86 Mo. 285. The trustee and beneficiary in that mortgage were entitled to a day in court, for the purpose of defending against the claim of lien, by showing that the claimants had no such right, by reason of not having done the work or furnished the materials claimed, or by reason of having been fully paid therefor, or for any other reason which

would have constituted a defence if set up by the owner of the property himself.    It is a fundamental principle of jurisprudence that a man cannot be deprived of his property at the suit of a private party prosecuted against some one else.    He must have notice of the action in some form, actual or constructive, and an opportunity to appear and defend.    A judgment which deprives him of his property without such notice is as to him a nullity. As to him, such a judgment is not due process of law, and a deprivation of his property under it is forbidden by our state constitution (art. 2, sec. 30) and by the fourteenth amendment to the constitution of the United States. As was said by Richardson, J., in a case of this kind : "The law repudiates the idea of condemning the property of one man to pay the debt of another, without giving him an opportunity in court, upon due service of process, of showing that the claim ought not to be asserted against his property."    *Clark v. Brown*, 25 Mo. 563.

A judgment to which a person is a stranger, neither he nor his privies having been parties to the action, is, as to him, not admissible in evidence, because it is *res inter alios acta*.    If it were otherwise, a party might be destroyed by a collusive judgment, concocted by strangers to him without his knowledge.    It is to be regretted that any decisions are to be found in our reports which tend to cast doubt upon this principle.    In *Schaeffer v. Lohman*, 34 Mo. 68, it was held that a judgment in such an action will bind the property, and that a sale thereunder will pass title against the owner, although he is not made a party to the proceeding, and that the only right which remains to him is the right of contesting the regularity of the proceeding.    The same doctrine was intimated in *Hauser v. Hoffman*, 32 Mo. 334.    I do not find that this extraordinary judicial aberration has acquired any foothold in our jurisprudence, or that these decisions have been cited upon this point in any subsequent cases.    In *Mississippi Planing Mill Co. v. Church*, 54 Mo. 525, it is said by Vories, J., *obiter :*

" The defendants sued were the persons who made the
contract for the building, and who held the legal estate
in the premises to be charged ; they being proper par-
ties, if other parties in interest were not also made par-
ties, that fact would not defeat the action ; the only
effect that could result would be that the judgment in
the case might not, and in some cases would not, affect
the interests of those who were not made parties." I
confess the question is further embarrassed by the lan-
guage of the Supreme Court in *Heim v. Vogel*, 69 Mo.
535, where, after quoting the statute, it is said that a
mortgagee not made a party to a mechanic's lien suit, or
one claiming under him would still have the right to
redeem, and the court added : " This right could, of
course, only be asserted by appealing to the equitable
jurisdiction of the court ; it is not relied on here, nor
indeed could it be in the present state of the pleadings,
the answer of the defendant being a general denial
only." In this last case, I do not see that the goodness
of the mechanic's lien was at all disputed, or that any
such question was presented as arises on the record
before us. The lien conceded, the conclusion would
seem to follow which is stated in the opinion of the
court. But in the case before us the lien is not con-
ceded.

But the doubts cast upon the question by the
decisions just mentioned seem to have been put at rest
by the decision in *Coe v. Ritter*, 86 Mo. 277, 285, reaffirm-
ing *Crandall v. Cooper*, 62 Mo. 478, 480. In this last
case, as in the case before us, the mortgage antedated
the commencement of the work done in pursuance of the
contract under which the lien was prosecuted, and the
Supreme Court, speaking through Wagner, J., said :
"As Clark [the beneficiary in the mortgage] was not
made a party to the proceedings for the enforcement of
the mechanic's lien, he was a stranger to them, and they
have no force or effect upon him." In *Coe v. Ritter*, 86
Mo. 277, 285, the court held that, under such circum-

stances, all that a purchaser under an execution issuing from the judgment to enforce the mechanic's lien acquires is the equity of redemption.

These decisions must be understood as overruling *Hauser v. Hoffman*, and *Schaeffer v. Lohman*, *supra*, in so far as they affect this question. They do no more than give effect to the statute and to construe it as meaning what it says. It is as follows: "In all suits under this article, the parties to the contract shall, and all other persons interested in the matter in controversy, or in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by any such proceedings." Rev. Stat., sec. 3180. So far as parties other than parties to the contract are concerned, it thus appears that, in describing the parties to such actions, the statute is permissive. The claimant can indeed get a lien without making such persons parties defendant. But a lien against what interest? Plainly, a lien only against the interest of the party who is made a defendant. If there is a mortgage upon the property and the mortgagee is not made a party, the plaintiff gets a lien only against the equity of redemption, and this is all that passes to the purchaser at a sale under a special execution issuing from the judgment establishing the lien. When the mortgage is subsequently foreclosed, this equity of redemption, and with it whatever rights may have been acquired in respect of it under the judgment establishing the mechanic's lien, is gone.

There is a more advanced view, that a proceeding to establish a mechanic's lien is so far a proceeding *in rem* that the lien, when established, is so far a lien against the property itself, and not against a particular interest in the property, that it may be made good in a subsequent proceeding as against any person not a party to the suit to establish the lien, by *building it up again*, so to speak, against such party,—that is, by proving that it was correctly established—by introducing, step by step, every item of evidence necessary to establish it

in the first instance, and by letting such party into whatever defence he might have had against the lien, had he been made a party to the original proceeding brought to establish it. I am not prepared to say that I assent to this view. There seems to me great difficulty in the view that a party, having a supposed right of lien against property which is covered by a mortgage, can proceed to establish his lien without making the mortgagee a party, and then, after the mortgage has been foreclosed, and the title to the property passed by the trustee's deed to the purchaser, seize the property, and afterwards, as against such purchaser, establish his right of lien by way of defence to an action of trespass.

It is true that it is not necessary to make a mortgagee a party to an action to establish a mechanic's lien, for the purpose of adjusting the priorities between him and the lien claimant. We have held, after much consideration, in the recent case of *Steininger v. Raeman*, 28 Mo. App. 594, that a suit to establish a mechanic's lien is not an appropriate proceeding in which to settle questions of priorities, unless the parties before the court consent thereto, but that such questions are properly adjusted in subsequent proceedings. This action is not, however, such a proceeding; because here, by reason of the fact that the trustee and beneficiary in the deed of trust, through whom the plaintiff claims, were not made parties to the proceeding to establish a mechanic's lien through which the defendants claim, the lien has not been established as against the plaintiff.

But it is not necessary for the purposes of this case, to decide whether this is the correct view or not, since this was not done or attempted to be done, by the defendants in the present proceeding. In this view it makes no difference that the defendants' right of lien may have been, in respect of the land, prior to the lien of the mortgagee, by reason of priority of time, nor that it was prior to the lien of the mortgagee in respect of the buildings, erections, or improvements, under the terms of section 3174, Revised

Statutes. The question of priority between the lien and the mortgage is not reached at all, until the lien is first established as a lien against the interest conveyed by the mortgage, and this cannot be done without making the mortgagees parties to the lien suit.

It is urged that the court erred in giving an instruction, requested by the plaintiff, which predicated its right of recovery upon the hypothesis "that the defendants or either of them" took from the premises the property in respect of which the action is brought. Plainly there was no error in this which could have misled the jury. The instruction was, no doubt, drawn by counsel prior to the trial, on the conception that the evidence would show a liability in the defendant Joseph Ellison, as well as in the defendant William Ellison. But there was no evidence whatever to connect Joseph Ellison with the trespass, and the court instructed the jury to that effect. The only ground on which it is suggested that this phraseology could have prejudiced the defendant William Ellison is, that it conveyed to the jury the idea that it might make him responsible for the trespass of Joseph Ellison. But as there was no evidence whatever of any trespass on the part of Joseph Ellison, and as the court so instructed the jury, it cannot be supposed that the jurors were so simple-minded as to have been in any way misled by the use of the words quoted.

It is next objected that the court erred in not defining, in two of the instructions given for the plaintiff, what in law made the things taken goods and chattels, and what constituted them fixtures. It is not claimed that there was any positive vice in these two instructions, but merely that they contained this negative vice of a lack of sufficiency of definition. The objection, therefore, is answered by a statement of the rule that mere non-direction is not a ground of error. The defendant could have had a more specific direction if necessary, provided he had requested it.

The assignment of error that the verdict of one

thousand dollars upon the second count was excessive, as the evidence all showed that everything taken was fixtures and part of the realty, except the brick press, which was valued in the petition at only two hundred dollars, is not tenable. I have had some difficulty in determining upon what theory the two counts of the petition are drawn. The first count claims damages for the removal from the premises of certain property, set out by items and values, "of the chattels and property of the plaintiff." The second count claims damages for removing from the same premises the same property, set out in like manner by items and values, together with some additional items, "of the goods and chattels of plaintiff." The case has been argued on the theory that the first count is for the removal of fixtures and the second for the removal of goods and chattels. The bill of exceptions recites that "plaintiff's testimony tended to prove that the machinery aforesaid, removed by Ellison, was worth, cash, in the condition it was, on the premises, from two thousand to thirty-five hundred dollars." I do not know upon what theory the jury constructed their verdict with reference to the different counts of the petition, but I do not see any ground for asserting that it is not within the evidence.

Objection is made that a witness named Shea was permitted to give his opinion as to the amount of damages. A sufficient foundation seems to have been laid for this testimony. Shea testified that he knew the value of real estate in Pacific and in the neighborhood of the premises, as well as the value of the brick floor which the plaintiff claims to have been injured by the defendants in removing the machinery, and also the value of the machinery. He then testified, against the objection of the defendants, that the removal of the machinery from the premises would, in his opinion, be a great loss to the plant; and also that if the floor was injured as described by a previous witness of the plaintiff, he should judge that it was injured to the extent of about fifteen hundred dollars, or from that to two thousand dollars. It

is scarcely necessary to recall the principle that value is a question of opinion, to be proved by persons acquainted with the value of the thing in controversy, though the opinions of such persons are not necessarily binding upon the judgment of the jury. There seems to have been no error in this ruling.

Judge Rombauer concurring, the judgment is affirmed.