GEORGE POPPERT & SON, Appellants, v. JOHN A. WRIGHT *et al.*, Respondents.

Kansas City Court of Appeals, January 30, 1893.

1. **Mechanics' Lien:** PLEADING: ACCOUNT: VARIANCE. Materials were furnished for three houses on three contiguous lots at a lumping agreed price of $525. A lien account for the material in one house at a lumping price of $175 was filed. The petition alleged the sale and delivery of all the material at the lumping price, but set out the mis-

take in the account and asked the enforcement of the lien for $175. *Held*, the variance between the account sued on and the account set out in the lien paper was fatal.

2. ———: LIEN ACCOUNT GOVERNS: PRIOR INCUMBRANCE. A lienor must stand or fall by the lien which he files, and the dates and items and amounts which he specifies, and is not at liberty to defeat or postpone a prior lien or incumbrance by matter *in pais*.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Cook & Gossett, E. W. Shannon* and *Porterfield & Adams*, for appellants.

The statement of account filed with the lien was a just and true account of the demand due. It should or might have been for more and have been a just and true account of the demand due, but every item in the statement of account filed with and as a part of the lien was furnished and delivered and went into the houses. It was a part of the whole bill and the amount of price set out in it was a part of the price agreed on. It is a simple mathematical or logical proposition that the greater truth includes the lesser. If the whole bill was a just and true account of the demand due, then a bill which by mistake sets out only one-third of four items and all of the other items is *a fortiori* a just and true account of a demand due. The appellants ought not to complain. *Thomas v. Huesman,* 10 Ohio St. 139.

*Stuart Carkener*, for respondents.

The respondents insist that the court properly rejected the mechanics' lien offered in evidence by

appellants, because: It did not contain the "just and true account" required by the statute. *Patrick v. Faulk*, 45 Mo. 312. The lien being a mere creature of the statute, it must be complied with, certainly as to the essential of filing a "just and true account." *Foster v. Wulfing*, 20 Mo. App. 85, 90. It is not competent by parol testimony as to the alleged "mistake" to change the lien as filed. *Coe v. Ritter*, 86 Mo. 277; *McWilliams v. Allen*, 45 Mo. 573.

GILL, J.—The plaintiff, under a contract with the defendant Wright, furnished certain lumber and materials for the construction of three houses on contiguous lots owned by said Wright. It was a lumping contract, certain specific items of lumber for the agreed total of $525. Wright failing to pay for the materials when furnished, as agreed, plaintiff filed in the circuit clerk's office his sworn account and statement with a view of securing a mechanics' lien on the three houses. But, in preparing the lien papers, a mistake was made in the account. Some of the lumber that was furnished under the contract was left out of the lien account filed, and in the statement of the agreed price in said lien account $175 was named instead of $525. This mistake, as is gathered from the testimony of Poppert, occurred from some confusion of the bookkeeper in making up the bill of items to be filed along with the lien. Under conflicting orders said bookkeeper first made up the account as for one only of the three houses (assuming likely that separate liens would be filed) in which one-third of the materials was billed; he then seems to have filled out the remaining items as if all the materials were to be mentioned in one account; but the lien account closed with naming one-third of the contract price (or $175) instead of $525, which was the true contract price for all the

items for the three houses. Still this erroneous account thus made up was filed in the circuit clerk's office, and a mechanics' lien claimed, as for a lumping contract on the three houses on said contiguous lots.

This action was brought alleging the sale and delivery of all the materials—for the three houses—and setting up, too, the agreed lumping price of $525, the petition asking judgment for said sum against defendant Wright, and the charging of a mechanics' lien on the property. But, subsequently, on discovering the error in the mechanics' lien account, plaintiff amended his petition, setting out the mistake, and asked judgment and enforcement of a mechanics' lien for the $175 stated as the amount due in the lien account.

At the trial the court sustained an objection to the lien paper because it was not a just and true account; and the plaintiff, failing to sustain his claim for a mechanics' lien, has appealed to this court. The real contestants on the side of the defense are certain holders of deeds of trust on Wright's real estate thus sought to be charged.

In our opinion the action of the lower court in excluding the lien papers was entirely proper. The paper did not contain that "just and true account of the demand" sued on and for which a mechanics' lien was sought, as is required by the statute. Revised Statutes, 1889, sec. 6709. The account or contract sued on was materially different from the account or contract set out in the lien paper. The items were not the same, nor was the alleged agreed price the same. The account sued on was for certain specified lumber and materials for which a lumping price of $525 was to be paid, while the lien account was for a different lot of materials for an alleged agreed lumping price of $175. The proof shows that the account filed with the petition was the true account; and, as the account filed

with the lien was materially and substantially different from this, it could not have been the true account. "The lienor must stand or fall by the lien which he files, and the dates and items [and we might say amounts], which he specifies, and is not at liberty to defeat or postpone a prior lien or incumbrance by matter *in pais.*" *Coe v. Ritter*, 86 Mo. 287.

This case is, to a certain extent, an effort to enforce a mechanics' lien against three houses *in solido*, by filing an account of items furnished to one of the houses.

The judgment of the circuit court is affirmed. All concur.