CHARLES H. PECK ET AL., Respondents, v. RICHARD F. BRIDWELL ET AL., Appellants.

June 28, 1881.

1. In an action on a mechanic's lien, an allegation that the items of the account were furnished "between the 6th and 17th of September, 1872, on which last day the account accrued," will, after verdict, be taken as stating that the last item was furnished on the 17th.

2. If it can be gathered from the petition, though not explicitly stated, that the dwellings against which the lien was filed constituted one building, erected under one contract, this will be sufficient after verdict.

3. The doctrine of aider by verdict applies to the case where that which ought to be explicitly stated is not so stated, but may be gathered from other allegations from which it is implied.

4. An intention to waive a mechanic's lien is not shown by proof that a security not inconsistent with the lien has been taken.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

JOHN JOHNSTON, for the appellant: The petition is insufficient in not stating the date of the last items of the account, and in not stating that the dwellings constituted one building erected under one contract. — *Fitzgerald* v. *Thomas*, 61 Mo. 499. The lien was waived by the taking of other security. — *Kinsey* v. *Thomas*, 28 Ill. 502; *Gardner* v. *Hall*, 29 Ill. 279; *Crosbey* v. *Carey*, 48 Ill. 442;

*Bennesen* v. *Thayer*, 23 Ill. 374; *Brady* v. *Anderson*, 24 Ill. 110.

D. D. DUNCAN, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This action was brought on March 12, 1873, under the then existing law of mechanic's liens, by sub-contractor against contractor and owner. The cause was tried without a jury, and the finding was against the contractor, for the debt, and in favor of the lien. During the pendency of the action, the property was bought by Card, who was made a defendant, and whose answer set up a special defence that the bill of lumber in question was not sold to defendant Bridwell, but to one Mason, upon Mason's written order and promise to pay for the same.

1. Defendant Card moved in arrest, on the ground that the petition does not state on what day the last item of the account was filed. The allegation is, that the items of the account were furnished " between the 6th and 17th of September, 1872, on which last day the account accrued." The lien was filed on January 17, 1873. Unless the last items were furnished on September 17th, it is evident that the lien was too late. The bill of exceptions states that plaintiff introduced evidence tending to prove all the material allegations of the petition. We think that the petition, so far as regards the allegation of time at which the last items were furnished, is good after verdict. The petition is to be subjected to the ordinary rules of pleading. The defective petition that will support a verdict must contain the allegation as to the date at which the last items were furnished, in terms that comprehend the statement in a fair intendment. We think it may be reasonably intended, to support the finding in this case, that the phrase " between the sixth and seventeenth " is meant to include the seventeenth. It must mean this, if the further statement that the account accrued on the seventeenth is true. Indeed,

this last statement implies that the last item was furnished at that date. The doctrine of aider by verdict applies to the case in which what ought to be explicitly stated is not stated explicitly, but must be gathered from other statements in which it is implied, or folded up as it were, and from which it must be evolved by a process of reasoning. *Peck* v. *Bridwell*, 6 Mo. App. 451.

2. The petition alleges that defendant Bridwell on August 1, 1872, under contract between himself and Porter, who was then the owner of the tract of land described, "commenced the erection of six contiguous and connected two-storied brick dwelling-houses upon a certain tract of land in the city of St. Louis, on the southwest corner of Nineteenth and O'Fallon Streets, in city block 1676, having seventy-two feet on O'Fallon Street by ninety feet on Nineteenth Street, bounded," etc. If these dwellings all constituted one building, and the contract was one, the lien might be sustained. *Fitzgerald* v. *Thomas*, 61 Mo. 501; *McKelleget* v. *Eckhard*, 4 Mo. App. 589. The allegations of the petition in this respect, are sufficient, at least after verdict.

3. It is claimed that the goods were sold to Mason and not to Bridwell, and that Mason was therefore a necessary party; and, inconsistently with this, that the goods were sold to Bridwell relying wholly upon Mason as surety or guaranty, and that there was thus a waiver of the lien.

The only testimony as to this matter is that of Mason himself, who says that Porter, the owner of the buildings, had desk-room in Mason's office, and was absent from town; that Bridwell came to Mason and stated that he needed lumber to finish the houses he was building for Porter, and that plaintiffs refused to let him have it unless he would " bring the authority of some responsible party." That, as an act of friendship for Porter, and that the building might not be delayed, Mason wrote to plaintiffs saying that, if they would let Bridwell have the materials required,

he would be responsible to an amount not exceeding $225. This could only make Mason a surety for a limited amount, and neither makes him a party to the contract in suit, nor shows any waiver of the lien. No waiver was expressed or necessarily implied by accepting the guaranty of Mason. The intention to waive must clearly appear, as by taking a security entirely inconsistent with the idea of a mechanic's lien. There is no pretence that defendant Card, in buying the property, acted upon the faith of any conduct of plaintiffs which led him to suppose they had waived the lien given to them by the statute.

There seems to be no ground whatever for disturbing this judgment, and it will be affirmed with the concurrence of all the judges.