THE STATE *ex rel.* HOLDEN *et al.* v. GILL, *Judge.*

**Kansas City:** CHARTER: PROCEEDING TO CONDEMN PROPERTY FOR STREET PURPOSES: APPEAL: NEW TRIAL. Where, under the charter of Kansas City in a proceeding to condemn property for street purposes, the cause is tried on appeal from the mayor to the circuit court, and an assessment of benefits and damages adjudged as to several defendants and the judgment of the latter court is, on appeal to the Supreme Court by two defendants reversed, and a new trial awarded, such re-trial must be *de novo* as to all the defendants and not merely as to those who appealed.

*Prohibition.*

WRIT DENIED.

*J. Brumback, L. C. Slavens, D. B. Holmes* and *G. Lathrop,* for relators.

(1) The judgments against Huling and Swope were several and separate and this court so held and reversed said several and separate judgments. As to all the other parties the judgments of the circuit court were unappealed from and remain unreversed. *McKee v. Jones,* 17 Mo.

184; *Coles v. Trustees, etc.*, 10 Wend. 659. (2) The matters passed upon by the Supreme Court are *res judicata* so far as this case is concerned and the circuit court must govern itself accordingly. *The Metropolitan Bank v. Taylor*, 62 Mo. 338; *Overall v. Ellis*, 38 Mo. 209; *Roberts v. Cooper*, 20 Howard 467; *Oakley v. Aspinwall*, 13 N. Y. 500; *Carbell v. Teluff*, 12 Grattan (Va.) 226. *Tyler v. McGuire*, 17 Wall. 253; *Furniss v. Ferguson*, 34 N. Y. 485. (3) It is no part of relator's case to show how the trial court is to work out a final adjudication under the decision of the Supreme Court. (4) The remedy is by the writ of prohibition. "The office of this writ is to restrain subordinate courts and inferior judicial tribunals of every kind from exceeding their jurisdiction." Sharswood's Blackstone, vol. iii, p. 111; Wait's Ac. and Def. vol. v, p. 248; *Thomas v. Mead*, 36 Mo. 232; *Howard v. Pierce*, 38 Mo., 296; *Quimbo Appo v. People*, 20 N. Y. 531; *Michaud v. Judge*, 20 La. Ann. 239; *Worthington v. Jeffries*, L. R. 10 C. P. 377, 384.

*D. S. Twitchell* for respondent.

(1) The reversal as to the finding and assessment of damages or benefits as to any of the parties to the record operates in law *ex necessitate* a reversal of the entire proceedings and a trial *de novo*. *Matter of P. P. & C. I. R. R.*, 67 N. Y. 371. (2) A judgment against several defendants is an entirety; it is good as to all or it is bad as to all. *Covenant Mutual Life Ins. Co. v. Clover*, 36 Mo. 392; *Rush v. Rush*, 19 Mo. 441; *Pomeroy v. Betts*, 31 Mo. 419; *St. Joseph Fire and Marine Ins. Co. v. Hauck*, 71 Mo. 465. On the reversal of a judgment for the rejection of competent evidence, the cause should be remanded for trial *de novo*. *Bliss v. Winston*, 1 Ala. 344. Although an error of law be prejudicial to only one of two defendants appealing the appellate court must reverse the judgment as to both. *Huckabee v. Nelson*, 54 Ala. 12. In all suits in the nature of actions of law, the

The State ex rel. Holden v. Gill.

judgment must be good as to all or bad as to all, and all parties, plaintiff or defendant in the judgment, aggrieved thereby, must join in prosecuting their appeal or writ of error. Whittelsy's Mo. Practice, sec. 403 ; *Parston's Administrator v. Humber et al.*, 39 Mo. 521. And, therefore, if the right of appeal from the verdict of the jury in the circuit court, and the judgment of the court thereon existed at all in favor of Swope and the Hulings, no appeal was taken according to law in this case.

HENRY, C. J.—The City of Kansas instituted proceedings to condemn, for street purposes, a parcel of land in Kansas City, in which Elma J. Hill, Geo. D. Huling, Thomas H. Swope and others were parties, some as owners of the strip of land which it was proposed to condemn, others of lots to be assessed for benefits. After a verdict and other proper steps, before the mayor, the whole proceeding was taken by appeal to the circuit court of Jackson county, where there was another trial and a verdict in which separate assessments were made and a judgment rendered according to section three of the charter. The damages assessed aggregated $28,000.06, and one dollar was assessed against the city for benefit, and the balance $27,999.06, against ninety-three separate lots, or parcels of land owned by individuals. One owned by Geo. D. Huling was assessed $3,025.46. Six owned by Thomas Swope, in the aggregate $8,000, and two owned by John W. Reed $9,400, and two owned by J. Brumbach two hundred and eighty dollars. The assessment against the ninety-three lots varied from ten cents to $4,800. Huling and Swope each appealed to this court, which reversed the judgment and remanded the cause, and the question now for determination is, whether there shall be a re-trial, only as to the assessments against Huling and Swope, or the trial shall again be *de novo ?*

Section three, article seven of the charter (Laws 1875,

p. 245) provides, that: "The jury shall first ascertain the actual damage done to each person, or corporation, in consequence of the taking of their property for such purposes, without reference to the proposed improvement, as the just compensation to be made therefor ; and second, to pay such compensation, assess against the city the amount of benefit to the city and public generally, inclusive of benefit to any property of the city, and against the several lots, * * * deemed benefited, as determined according to the last section, * * * each lot to be assessed with an amount bearing the same ratio to such balance as the benefit to each lot bears to the whole benefit to all the private property assessed."

Section six provides for an appeal by the city, or any party aggrieved to the circuit court of Jackson county, which thereupon becomes possessed of the cause and tries it *de novo,* and the judgment is that the city have and hold the property sought to be taken, etc., and pay therefor the amount assessed against it, and that the several lots of private property assessed to pay compensation by the verdict, stand charged and be bound respectively for the assessment, with interest, etc.

If one of a hundred property holders appeal, however well satisfied with the verdict the other ninety-nine may be, the entire cause, by that appeal, is taken to the circuit court. It is but one cause, although in the proceeding each of a hundred parties has a distinct assessment for the compensation he may be entitled to, or the charge for benefits for which his property is liable. There is but one jury, one verdict, and one judgment. That judgment ascertains and determines the compensation to be paid to each person whose property is taken, and the amount of charge against each lot, or parcel for benefit received, but it is nevertheless only one judgment. An appeal from the circuit to the Supreme Court brings up the same cause that was tried in the circuit court, and a reversal of the judgment is a reversal of it as an entirety. If it were otherwise, and the party or parties less than the whole number interested should obtain a reversal of so

much of the judgment as affects them, and on a re-trial, reduce the assessment against them for benefits, or increase that in their favor, as owners of the land to be condemned, there would be a deficiency of the fund to pay the damages which could only be met by taking it from the city treasury, in which event, the city would pay a greater amount than was assessed against it for the benefit the city and the public generally would derive from the improvement. No additional assessment could be made upon the property of parties who did not appeal to make up the deficiency. *City of Chicago v. The people ex rel.*, 56 Ill. 329.

If, on the other hand, on a re-trial the damages assessed to the appellant for taking his property, or the assessment against it for benefits, should be less than were allowed in the circuit court, the result would be to take from other property holders an amount in excess of that required to pay for the condemned property. It was evidently for this reason that, in the charter, provision was made for a trial *de novo*, on appeal to the circuit court. If not to meet this difficulty, why not let the verdict taken on the trial before the mayor, stand, as to all those who were satisfied with that verdict, without regard to the result of the trial in the circuit court, on appeal taken by others? If the view urged by petitioners' counsel should prevail it would be impossible, without doing injustice to some party or parties concerned, ever to conduct to a conclusion a proceeding to condemn property for a street, where numerous parties were interested as owners of the property to be condemned, or as property holders within the district to be charged with benefits. So far as the latter are concerned, the proceeding is designed to make an equitable apportionment of charges for benefits. It is one proceeding, not many, one judgment and not several. We are of the opinion, that the cause should again be tried *de novo* in the circuit court, and the writ of prohibition is denied and the petition dismissed. Ray, J. dissents.