JULIA CAULFIELD ET AL., Appellants, v. EDWARD T. FARISH ET AL., Respondents.

St. Louis Court of Appeals, January 4, 1887.

1. PRACTICE—FINAL JUDGMENT.—There can be but one final judgment in a cause and that must dispose of all the parties to the record.

2. ——— APPEALS—PREMATURE.—An appeal from a judgment on demurrer in favor of one of several defendants, leaving the cause pending on petition and answer as to the others, is premature and must be dismissed.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Appeal dismissed.*

THOMAS J. DAILY, for the appellants.

E. T. FARISH, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action is in the nature of a suit in equity, brought against several parties, one of whom is Patrick F. Dockery. All the defendants, except Dockery, filed answers to the petition, but Dockery demurred on the ground that the petition does not state facts sufficient to constitute a cause of action. The court sustained this demurrer, and the plaintiffs, declining to plead further, the court, as the bill of exceptions recites, "gave final judgment on said demurrer in favor of said defendant Dockery." The judgment which was "that the plaintiffs take nothing by their suit in this behalf as against the said defendant, Patrick F. Dockery, but that the said defendant go hence without day and recover of the plaintiffs his costs," etc. From this judgment the plaintiffs prosecute this appeal.

Although the case has been submitted to us on the merits of the demurrer on both sides, without any question as to whether an appeal will lie, we must take the course of dismissing the appeal. The general rule is that there can be but one final judgment, and consequently but one appeal, in a cause. Of course, there are exceptions to this general rule, as where there is a fund in court undergoing administration in equity, and several parties intervene *pro interesse suo*, each claiming a portion of the fund in a different right; and perhaps other like cases might be suggested.

But, as was held in *McCord v. McCord* (77 Mo. 166), in finally disposing of a case, the court should render judgment either for or against every party to the record. Our statute on this subject is peremptory. It defines a judgment as the final determination of the rights of the parties to the action, and further provides that but one

final judgment shall be given in an action. Rev. Stat., sects. 3673, 3679. That no appeal lies from any judgment which is not final is elementary.

It was error on the part of the trial court to enter what purports to be a final judgment in favor of the defendant, Dockery, without disposing of the other defendants. In the state of the record the court could not make a final disposition as to the other defendants; because, as to them, the case stood upon petition and answers. The court should have made an interlocutory order as to Dockery, and proceeded to try the case as to the other defendants. This error, however, was one, more of form than of substance. The plaintiffs might have proceeded to trial against the other defendants without waiving any rights as to the defendant, Dockery; because demurrers are part of the record proper, and the action of the court thereon, if improper, is matter of error, as distinguished from matter of exception. *The State ex rel. v. Finn*, 19 Mo. App. 561, and cases cited. The plaintiff would have been entitled to have the action of the court reviewed after a final disposition of the cause as to all the defendants; but he can not appeal from a judgment which fails to make such final determination.

The appeal will be dismissed. It is so ordered. All the judges concur.