JEROME TWITCHELL & Co., Respondents, v. F. P. DEVENS et al., Appellants.

Kansas City Court of Appeals, May 11, 1891.

1. **Mechanics' Liens:** CONTIGUOUS LOTS : ONE CONTRACT: SUFFICIENT LIEN ACCOUNT : PLEADING. Though section 6729, Revised Statutes, 1889, only authorizes a lien upon more than one lot, when the lots are contiguous and the buildings are erected under one general contract, yet it must be construed with section 6709, and it is only necessary for the lien paper to comply with that section which requires no statement in the lien account as to the contiguousness of the lots, or whether there were one or more contracts. These are matters of pleading, and need only to be alleged in the petition.

2. ———: PLEADING AND PROOF: COMMENCEMENT OF SUIT. It is not necessary that plaintiff should allege in his petition, or prove at the trial, that he commenced his suit within ninety days after filing the lien. He should prove the time of filing his lien, and the petition itself will show its filing.

3. **Variance :** LIEN ACCOUNT AND PETITION : OWNERSHIP. Where it plainly appears from the lien paper and the petition what the respective interests of the defendants were, there is no fatal variance.

*Appeal from the Jackson Circuit Court.*—HON. JOHN
W. HENRY, Judge.

AFFIRMED.

*J. B. Hammer,* for appellants.

( 1 ) The mechanics' lien was void on its face, because
it said the houses—four in number—were on five lots,
and did not say they were contiguous ; and for the
further reason that it did not allege that the materials
were furnished under one general contract, and should
not have been admitted in evidence.    Under section
6705, Revised Statutes of 1889, a lien is not given on
more than one lot.    *Fitzgerald v. Thomas,* 61 Mo. 499.
If the lots are contiguous, and the materials were fur-
nished under one general contract, then it is necessary
to so state to bring the claim under section 6729, Revised
Statutes, 1889.    Besides, the lien showed the houses
were on different lots from those alleged in the petition,
and the owners were stated to be seven in number, all
the defendants, whereas the petition alleged only Con-
saul as owner—a variance from the lien—and plaintiffs
should not have been allowed to prove facts contrary to
the facts alleged in his petition by offering the lien in
evidence.    ( 2 )  If the lien was true, the petition was
false, and no recovery could be had.    If the lien was
false, in stating the wrong owners of said lots, then the
lien should not have been admitted in evidence, because
plaintiff had not complied with the statute, and he was
not entitled to a lien.    ( 3 )   There was no evidence to
prove when the suit was begun, whether within ninety
days after the filing of the lien, or afterward.   The only
proper evidence is the petition itself, which always has
on it the date of its filing, and this was not put in evi-
dence.    Under the present statutes, the issuing of the
summons is the beginning of a suit ; but this suit was
begun before that law took effect.    Neither is there any

allegation in said petition that said suit was filed within ninety days after the filing of the lien. R. S. 1889, sec. 6720 ; R. S. 1889, sec. 6712 ; *Bradish v. James,* 83 Mo. 313; *Heltzford v. Langford,* 33 Me. 396.

*Porterfield & Adams,* for respondents.

( 1 ) The true test of every technical objection is, " Was the party misled to his injury by the mistake ? " If not, then the error would not vitiate the lien. In the absence of proof, no presumption would arise that the party was misled. *Putnam v. Ross,* 46 Mo. 337 ; *Dewitt v. Smith,* 63 Mo. 263 ; *McAdow v. Sturtevant,* 41 Mo. App. 220. ( 2 ) Section 6709, Revised Statutes of 1889, sets forth the four things necessary for securing a lien. *First.* A just and true account of the demand due after all just credits have been given. *Second.* A true description of the property, or so near as to identify the same, upon which the lien is intended to apply. *Third.* The name of the owner or contractor, or both, if known to the person filing the lien. *Fourth.* The verification. *Hoffman v. Walton,* 36 Mo. 614. Respondents' lien contains everything required by this section. Section 6729 was added to the lien act to prevent a multiplicity of actions, when separate houses are erected on contig- uous lots under one contract. Its enactment was caused by the case of *Fitzgerald v. Thomas,* 61 Mo. 512. It would be unreasonable to place a strict technical con- struction upon this section in contradistinction to other parts of the act. The act must be construed as a whole. *In re Bomino's Est.,* 83 Mo. 441; *Selden v. Hall,* 21 Mo. App. 452. ( 3 ) The facts necessary to bring the lien within section 6729 are matters of pleading and proof— to be alleged in the petition and proved at the trial, as conditions precedent to enforcing the lien—not necessary to be stated in the lien itself. *Heier v. Meisch,* 33 Mo. App. 35. The petition in this cause contains the neces- sary allegations, which were duly proved at the trial,

the provisions of section 6729 being fully complied with. (4) The fact of the lien coupling with the name of the owner others having an interest in the property does not vitiate the lien. There was no proof that defendant Devens was misled by the mistake. *Putnam v. Ross, supra; Tibbetts v. Moore,* 23 Cal. 208; *Hauptman v. Catlin,* 3 E. D. Smith, 666. Appellant is estopped from claiming a variance between the petition and lien, not having pursued the statutory method of taking advantage of the alleged variance in the court below. *Turner v. Railroad,* 51 Mo. 501; *Ely v. Porter,* 58 Mo. 158. (5) The time of filing suit is not a matter of proof. It is a fact conclusively established by the record. *Hayden v. Wulfing,* 19 Mo. App. 358.

ELLISON, J.—This action is to enforce a mechanics' lien against four separate houses situated upon four contiguous lots in Kansas City, as is provided in sections 6705 and 6729, Revised Statutes, 1889. Plaintiff had judgment below enforcing his lien, and defendants appeal.

It is contended that section 6729 only authorizes a lien upon more than one lot when the lots are contiguous and the buildings are erected under one general contract ; and that the lien paper filed with the clerk, as provided by statute, does not show that the lots were contiguous, or that the buildings were erected under one general contract. The statute referred to is as follows : " When the improvement consists of two or more buildings united together and situated upon the same lot or contiguous lots, or upon separate buildings upon contiguous lots, and erected under one general contract, it shall not be necessary to file a separate lien upon each building for the work done or materials furnished in the erection of such improvements." Our conclusion is that this section should be construed with section 6709 of the same chapter. As so construed, it is only necessary for the lien paper to comply with section 6709 which

provides for filing the lien, and upon what conditions, as well as to what shall be made to appear by the paper. Among such provisions are none requiring a statement as to the contiguousness of the lots, nor as to whether there were one or more contracts. The matter necessary to appear in order that a party may avail himself of section 6729, quoted above, is a matter of pleading, and if it be alleged in the petition it is sufficient.

II. We think it was not necessary that plaintiff should allege in his petition, or prove at the trial, that he had commenced his suit within ninety days after filing the lien. Proof of the time of filing the lien should be made, and the record, or the petition itself, being a part of the record, will show its filing; such filing being the commencement of the suit. Such was the ruling of the St. Louis Court of Appeals in *Hayden v. Wulfing*, 19 Mo. App. 358, a decision which, on this point has never been questioned.

As to the alleged variance between the lien paper and the petition, as to the ownership of the property, we see nothing fatal to plaintiff's cause. Together, it plainly appears from them what the respective interests of the defendants were.

Other objections are not deemed sufficient to justify a reversal, and we affirm the judgment. All concur.