CURLESS & Co., Appellants, v. H. D. LEWIS *et al.*, Respondents.

Kansas City Court of Appeals, June 8, 1891.

1. **Mechanics' Lien** : LIEN ACCOUNTS : SUFFICIENCY OF. A lien account which fails to show when the material was furnished is insufficient, as it cannot be determined whether the account is one, and that every portion of it should be included in the lien.

2. ——— : DEFINITIONS : JUST AND TRUE ACCOUNT. "A just and true account" is an itemized account with dates, so that it may be seen from the face thereof that it is one for which a lien may be had.

*Appeal from the Dade Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*McCluer & Bowling,* for appellants.

(1) The doctrine as to mechanics' liens is that the statute is highly remedial in its nature, and should receive a liberal construction to advance the just and beneficent objects had in view in its passage. *Dewitt v. Smith,* 63 Mo. 263; *Putnam v. Ross,* 46 Mo. 337; *Oster v. Rabeneau,* 46 Mo. 595; *Hayden v. Wulfing,* 19 Mo. App. 353; *Whitford v. Newell,* 2 Allen, 424; *Gallaher v. Karns,* 27 Hun (N. Y.) 375; *Railroad v. Brown,* 14 Kan. 557; *Vandergriff's App.,* 83 Pa. St. 127; *Willamette Co. v. Remick,* 1 Ore. 169; *Winslow v. Urquhart,* 39 Wis. 268; *Hazard Co. v. Byrnes,* 21 How. Pr. 189; *Lumber Co. v. Russell,* 22 Neb. 126; *Rogers v. Hotel Co.,* 4 Neb. 59; *McAdow v. Sturtevant,* 41 Mo. App. 220. (2) A failure to give the dates of the various items does not invalidate the lien. It is sufficient if the statement and affidavit contain everything required by the statute. *Hayden v. Wulfing,* 19 Mo. App. 353; *Pool v. Wedemeyer,* 56 Tex. 287; *Simmons v. Carrier,* 60 Mo. 581. (3) This lien account is not open to the objection that it embraces "lumping charges." *McLaughlin v. Schwacker,* 31 Mo. App. 365; *Hayden v. Wulfing,* 19 Mo. App. 356.

*John B. Cole,* for respondent.

(1) The time of filing the lien may be computed from the date of the last item of the account. In the case at bar, there is not a single date given as a basis for computation. *Schmeiding v. Ewing,* 57 Mo. 80, 81; *Livermore v. Wright,* 33 Mo. 31; *Stine v. Austin,* 9 Mo. 558; *Viti v. Dixon,* 12 Mo. 482; *Steamboat v. Behler,* 12 Mo. 479; *Gouss v. Hussman,* 22 Mo. App.

120; *Peck v. Bridewell*, 10 Mo. App. 525. (2) "A just and true account shall contain all the various items and dates that go to make it up, for this is the accustomed meaning of the word." *Coe v. Ritter*, 86 Mo. 286; *Bradish v. James*, 83 Mo. 313; *Miller v. Whitelow*, 28 Mo. App. 642; *Heinrich v. Carondelet Society*, 8 Mo. App. 587. There is no hardship in requiring the lienor to verify and file an account which comes within the ordinary meaning of the term. *Rude v. Mitchell*, 97 Mo. 374.

ELLISON, J.—This action is to enforce a mechanics' lien on the following account filed with the circuit clerk :

"LAMAR, MISSOURI, July 16, 1888.

"*J. S. Lewis to Curless & Co.*, *Dr.:*

| | |
|---|---:|
| To 659, and 13–33 perch of stone, furnished on the ground at 68 cts. per perch.............$450 00 | |
| To 104 perch of stone, furnished at 80 cts. per perch.............................. 83 20 | |
| To 298 feet dimension stone at 10 cts. per foot.. 29 85 | |
| "Total.............................$563 05 | |
| By payment on account............ .......... 357 00 | |
| And to balance due.........................$206 05 | |

The affidavit attached thereto gave no dates, but stated that the "said demand accrued within six months prior to the filing of this lien." The circuit court refused to admit this lien paper in evidence, and gave judgment for defendants. Plaintiffs appeal.

The court's action was proper. The account should have shown when the material was furnished. We cannot accept the date, July 16, 1888, as being the date at which the account accrued, from the fact that the lien was filed with the clerk on April 25, so that the account, of course, must have been made up before that time, which excludes the idea that the date at its head was

intended as anything more than the time when it was made out. The statute requires a just and true account to be filed as a foundation of the lien. This means that the account must give the items and dates, and the fact that the affidavit may show that the account accrued within six months does not make the account as such, any more specific, unless it be the last item thereof. The statement that the account accrued within six months at best is merely that the last item was furnished within six months. The other items might cover a long space of time, and if the dates were given it might appear upon the face that the account was not one account, and that a portion of it should not be included in the lien. If there should be other incumbrances it might be of great practical importance to know the dates of the items so as to settle priorities. In *Coe v. Ritter*, 86 Mo. 286, it became necessary to settle which was prior, a mechanics' lien, or a deed of trust, and it was determined by the date of the first items of the account.

There can be no doubt that the ordinary meaning of the statutory expression, "a just and true account," is an itemized account, with dates.

If an individual demands a true and just account, there is no doubt but it would be expected he was to get one with items and dates. It has been decided that the statutory account must be such a one as that "it may be seen from the face" thereof that it is one for which a lien may be had. *Rude v. Mitchell*, 97 Mo. 365; *Coe v. Ritter*, 86 Mo. 277. In the latter case, though this precise point was not before the court, yet the court says, that the accustomed meaning of the words, "a just and true account," is that it shall contain the various items and dates which go to make it up. See also *Bradish v. James*, 83 Mo. 316. It follows that the judgment should be affirmed. All concur.