EDWIN L. BRUCE *et al.*, Appellants, v. JOHN J. HOOS *et al.*, Respondents.

**Kansas City Court of Appeals, February 8, 1892.**

1. **Mechanics' Lien: SUFFICIENT LIEN ACCOUNT.** A mechanics' lien account is sufficient as to date, when the affidavit shows that the year at the head of the account refers to the day and month placed opposite each item, and states that the account accrued within six months from the making of the affidavit.

2. ———: ACCRUING OF THE ACCOUNT: FILING. The dates of the account and the filing will show whether the paper has been filed within the proper time, and neither the lien papers nor the affidavit need state when the account accrued, as the petition declaring on the lien is the proper place to state such matter.

3. ———: TIME OF FILING. Where the lien account and the affidavit are on separate papers, but tacked and folded together with the affidavit on the outside, on which is the clerk's indorsement of filing, the time of filing sufficiently appears.

4. ———: NAME OF OWNER. Where the lien paper states the name of the owner of the property it is sufficient, as it will be presumed that he was the owner at the time of making the contract—nothing more appearing.

5. ———: CONTIGUOUS LOTS: ONE GENERAL CONTRACT. The lien paper need not state that the improvements were made on contiguous lots under one general contract, as that is a matter of pleading.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED.

*Stocking & Alexander*, for appellants.

(1) The lien statement sufficiently shows the date of the delivery of the items of the materials. *Cole v. Barron*, 8 Mo. App. 509; *Hayden v. Wulfing*, 19 Mo. App. 353; *Pool v. Wedemeyer*, 56 Tex. 287, 289;

*O'Leary v. Roe*, 45 Mo. App. 567; *Kern v. Pfaff*, 44 Mo. App. 29. (2) The indorsement of the clerk on the lien paper of the time of its filing is *prima facie* and best evidence of the time of filing, and of the fact that it was filed. *Grubbs v. Conus*, 57 Mo. 83; *Baker v. Henry*, 63 Mo. 517; *Bensley v. Haeberle*, 20 Mo. App. 648. (3) The lien statement gives the name of the owner at the time the materials were furnished, and it is not necessary to repeat it in the affidavit. *McAdow v. Sturtevant*, 41 Mo. App. 220; *Leisse v. Schwartz*, 6 Mo. App. 413; *Deatherage v. Woods*, 37 Kan. 59. (4) This lot was not divided so as to make two lots within the meaning of the mechanics' lien law. If it was divided at all it was not until after the improvements were commenced and after the lien attached. *Miller v. Hoffman*, 33 Mo. App. 199; *Holland v. McCarty*, 24 Mo. App. 82, 86, 90; *Fitzgerald v. Thomas*, 61 Mo. 499. (5) Where two houses are built on one lot and materials are furnished to them both under one contract, only one lien need be filed. *Wall v. Robinson*, 115 Mass. 429; Jones on Liens, sec. 1313. (6) Where two buildings are erected upon contiguous lots under one general contract, only one lien statement need be filed, and it is not necessary to state these facts in the lien statement. *Twitchell v. Devens*, 45 Mo. App. 283. (7) The contract with defendant Hoos was one general contract within the meaning of the statute. *O'Leary v. Roe, supra; Squires v. Fithian*, 27 Mo. 134; *Page v. Bettes*, 17 Mo. App. 366; *Bruce v. Berge*, 8 Mo. App. 204.

*W. C. Forsee* and *Samuel P. Forsee*, for respondents.

(1) It is essential to the existence of the lien either that the lien claim should state, or the affidavit thereto should state, that the demand accrued within six months prior to the filing of the lien, or else that it accrued on a certain date, so that the court can see that

it was within six months prior to such filing. The date when the demand accrued (not necessarily the date when the materials were furnished) fixes the date within which the lien claim must be filed. *Sanderson v. Fleming*, 37 Mo. App. 595, 596, 597; *Bruno v. Braun*, 35 Mo. App. 346; *Hayden v. Wulfing*, 19 Mo. App. 358. (2) A lien account or statement which fails to show the dates at which the materials were furnished, or the date at which the demand accrued, or that it accrued within six months from a day named, is not a just and true account. If *Cole v. Barrow*, 8 Mo. App. 509, holds otherwise, it is in square conflict with the supreme court. The same court which rendered it did not have that question squarely before it. "Of course it is expected that a just and true account shall contain all the various items and dates which go to make it up, for this is the accustomed meaning of the words. *Coe v. Ritter*, 86 Mo. 286, 287; *State, etc., v. Smith*, 89 Mo. 408; *Itner v. St. Louis, etc.*, 97 Mo. 561; *Bradish v. James*, 83 Mo. 313; *Hayden v. Wulfing*, 19 Mo. App. 353. (3) Appellants' abstract, page 12, shows the facts relating to the filing of the papers. The affidavit was indorsed "filed," but there was no evidence whatever that the lien claim or account was filed as contemplated in Revised Statutes, 1889. Neither of them are there shown to have been filed. This justified their exclusion. (4) The lien statement and affidavit were insufficient, because neither of them state who was the owner of the lot at the time the materials were, or at the time the contract of sale was made, sold and furnished. *McAdow v. Sturtevant*, 41 Mo. App. 220; *Brown v. Wright*, 25 Mo. App. 54; *Kuhleman v. Schuler*, 35 Mo. 142; R. S. 1889, sec. 6709. (5) The lien statement does not show, nor does the affidavit, that the improvements referred to were built upon contiguous lots, or under one general contract. *Fitzpatrick v. Thomas*, 61 Mo. 512; s. c., 61 Mo. 499; R. S. 1889, sec. 6729.

ELLISON, J.—This action is to enforce a mechanic's lien. The trial court excluded the lien paper and refused to enforce the lien. Plaintiffs appealed.

The lien paper shows an itemized account, with the day and the month to each item proper in every respect, unless it is for omitting the year to each item. At the head of the account, however, there are the words and figures as follows: "Kansas City, ——— 88." We regard this as sufficiently itemized and dated to render it the "just and true account," required by the statute as interpreted in *Coe v. Ritter*, 86 Mo. 277 ; *Rude v. Mitchell*, 97 Mo. 365, and *Curless v. Lewis*, 46 Mo. App. 278. In the latter case there was no date to the account, except at the head there were the words, "Lamar, Missouri, July 16, 1888," which the paper itself showed had no reference to the items which made up the account, and we held it insufficient. In this case the affidavit to the lien paper shows the year "'88" at the head of the account refers to the day and month placed opposite each item, inasmuch as it was made in December, 1888, and states that the account accrued within six months ; which must mean within the six months prior to the time it was made.

II.   It is not necessary that either the lien paper or the affidavit thereto, when complete and proper, should state when the account accrued. The dates to the account, and the filing with the clerk, will show the fact whether the paper has been filed within the proper period. The date of the last item, in the absence of anything appearing to the contrary, will be presumed to be the date at which the account accrued. So that, if such date and the date of the filing with the clerk are within the period of six months or other time allowed, it is sufficient. The lien paper may, as in this case, contain statements which may help out imperfections, but which would not have been necessary had such imperfections not existed. The petition which declares

on the lien paper is the proper place in which to state such matter. All that the lien paper should state will be found set out in section 6709, Revised Statutes, 1889.

III. The lien paper is objected to on the ground that it does not itself show, and that it was not otherwise shown, when the account was filed with the clerk. The account and affidavit were on separate pieces of paper, but tacked together. They were folded together so that the paper upon which the affidavit was written came upon the outside on which was indorsed the clerk's filing. This we consider sufficient, nothing more appearing.

IV. It is next objected under the authority of *McAdow v. Sturtevant*, 41 Mo. App. 220, that the lien paper does not state the name of the owner of the property at the time of making the contract for the material. The paper does state the name of the owner, and this is all that is required by the statute. Nothing more appearing, it will be presumed he was the owner at the time of making the contract.

V. The last objection is that the lien paper does not show "that the improvements referred to were built upon contiguous lots, or under one general contract." We decided in *Twitchell v. Devens*, 45 Mo. App. 283, that this was a matter of pleading, and did not necessarily belong to the lien paper.

It follows from the foregoing that the lien paper was improperly excluded, and the judgment will be reversed and cause remanded. All concur.