THE BRUCE LUMBER COMPANY, Respondent, v. JOHN J.
Hoos *et al.*, Appellants.

Kansas City Court of Appeals, July 2 and November 9,
1896.

1. **Change of Venue:** TIMELINESS OF APPLICATION: FILING IN VACA-
TION. Where the notice of the prejudice of the inhabitants comes to
an applicant for a change of venue in vacation, he should present his
application on the first day of the succeeding term; and it is not suf-
ficient to file it in vacation with the clerk or to present it after the
first day of the term.

2. **Evidence:** TESTIMONY OF ABSENT WITNESSES: BILL OF EXCEPTIONS.
Where the testimony of a witness on a former trial has been pre-
served in a bill of exceptions, it can be read therefrom at a second
trial as his deposition, if the witness resides or has gone out of the
state.

3. **Mechanics' Liens:** LIEN PAPER: EVIDENCE. In this case on the
evidence as to the date of the lien paper, it was *held* that the paper
was a just and true account within the meaning of the statute and
properly admitted in evidence.

4. ——: MORTGAGE: PRIORITY: JUDGMENT. Where a lot is mortgaged
prior to the commencement of building thereon, the lienor for material
in the building before foreclosure is entitled to enforce his lien against
the interest of the mortgagor remaining in the lot; and the judgment
in this case so enforcing the lien is correct, and a court should not
attempt to adjust the price.

5. ——: WAIVER. A mortgagor executed a bond with security to
the mortgagee conditioned to keep the mortgaged premises free of
mechanics' liens. Of this the material man had notice. *Held,*
he did not thereby waive his right to a lien.

6. ———: JUDGMENT: APPEAL. Where a judgment is rendered against the contractor and enforced against the landowner and the lienor appeals and the judgment is reversed and the cause remanded, on a second trial where the findings are for the plaintiff, the judgment against the contractor should be reentered and enforced as on the first trial. Overruling *Deatherage v. Sheidley*, 50 Mo. App. 490, following *Marble Company v. Bauman*, 55 Mo. App. 204.

7. ———: ———: ———: APPELLATE PRACTICE. Where a judgment enforcing a mechanic's lien fails to contain the proper judgment against the contractor, and from the record the amount of the debt due the plaintiff by the contractor is clear, the appellate court will remand the cause with directions to render the proper judgment.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED (*with directions*).

*S. P. Forsee, I. J. Ringolsky*, and *W. C. Forsee* for appellants.

(1) The lien paper and account filed is not "a just and true account" within the meaning of the statute, because it does not show the year in which the materials were sold. *Coe v. Ritter*, 86 Mo. 287; *McWilliams v. Allen*, 45 Mo. 573; *Curless v. Lewis*, 46 Mo. App. 278; *Rude v. Mitchell*, 97 Mo. 373; *Hayden v. Wulfing*, 19 Mo. App. 358; *Bruce v. Hoos*, 48 Mo. App. 163. (2) If there was any evidence of a waiver of the lien by respondents or that the credit for the lumber was not given, relying on the buildings and lots, then the issues as to these facts should have been submitted to the jury. The question of waiver is always a question of fact for the jury. If plaintiff did not rely on his mechanic's lien for his security, but on the responsibility of a third person, he is held to have waived his lien. *Little v. Vredenburg*, 16 Brodw. (Ill.) 189–192; *Noar v. Gill*, 111 Pa. St. 488–493; *Wolf v. Batchelder*, 56 Pa. St. 87; *Honnouell v. Lewis*, 104 Pa.

St. 465; *Henry v. Rice*, 18 Mo. App. 497–511; *Clarke v. Hall*, 10 Kan. 40; *Presb. Church v. Allison*, 10 Pa. 413; *Prescott v. Maxwell*, 48 Ill. 82; *House v. Carroll*, 37 Mo. 578; *Lumber Co. v. Christopel*, 59 Mo. App. 80–86. (3) The judgment in a mechanic's lien case is an entirety, and when the former judgment in this cause was reversed by this court, its effect was to vacate the entire judgment rendered in the trial court. The judgment against Hoos for the amount of the debt was vacated by the reversal, and the debt due from Hoos must be established before a lien can be obtained. *Marble Co. v. Bauman*, 55 Mo. App. 211; *McCord v. McCord*, 77 Mo. 166; *Caulfield v. Farish*, 24 Mo. App. 110; *Steinkamper v. McManus*, 26 Mo. App. 51; *Killoren v. Meehan*, 55 Mo. App. 427; R. S. 1889, sec. 2213; *Murdock v. Hillyer*, 45 Mo. App. 293; *Crane Co. v. Hanley*, 53 Mo. App. 540; R. S. 1889, secs. 6717, 6718; *Farley Bros. v. Cammann*, 43 Mo. App. 168; *Fink v. Alderson*, 20 Mo. App. 364. (4) The evidence shows that the trust deeds given by Hoos were dated, executed, and delivered prior to the furnishing of the lumber; that the trust deed to Forsee was to secure a balance of the purchase money and those to Hicks were to secure money with which to build the houses. As against these trust deeds, plaintiffs can not, in any event, as to any extent, fasten a lien upon the lots. In any view of the case, the judgment was erroneous in awarding a lien upon the lots as well as the buildings. *McAdow v. Sturtevant*, 41 Mo. App. 229; *Hall v. Planing Mill Co.*, 16 Mo. App. 454; *Dugan v. Scott*, 37 Mo. App. 663; *Bridwell v. Clark*, 39 Mo. 170; *Crandall v. Cooper*, 62 Mo. 478; *Steininger v. Raeman*, 28 Mo. App. 603; *Smith v. Phelps*, 63 Mo. 585; *Hotel Co. v. Sauer*, 65 Mo. 288; *Garth v. Carrier*, 60 Mo. 581; *Davis v. Alvard*, 94 U. S. 545; *Foushee v. Grigsby*, 12 Bush. 75; *Hoover v. Wheeler*, 23 Miss. 314; *Bank v. Fellows,*

42 Conn. 36; *Pride v. Viles*, 3 Sneed (Tenn.), 125; Phillips on Mech. Liens, sec. 232, *et seq.* (5) The change of venue should have been allowed. The delivery of the application by Mr. Diamond to the circuit clerk and his request that it be filed was all the law required of him and constituted a filing in law whether the clerk received it or marked it filed or not. *Grubb v. Cones*, 57 Mo. 84; R. S. 1889, secs. 2260, 2261, 2262.

*W. L. Stocking* for respondent.

(1) The court committed no error in refusing the application for a change of venue. R. S. 1889, sec. 2260. The offer to file the application with the clerk in vacation was not a presentation to the court. *Berlin v. Thompson*, 61 Mo. App. 234. (2) The trial court did not err in permitting respondents to read the testimony of John J. Hoos, P. S. Hoos, and W. F. Anderson from the bill of exceptions on file in the case. Acts 1891, p. 138. (3) There was no error in admitting the lien paper in evidence. (4) There is no question of priorities in this case and can be none. *Steininger v. Raeman*, 28 Mo. App. 594–601; *Dugan v. Scott*, 37 Mo. App. 663; *Chambers v. Benoist*, 25 Mo. App. 520–523. (5) The next point made by appellant is that respondent waived his lien by making inquiry of Lowen in regard to some bond made by Lowen. It could have been waived in three ways only; *first*, by express contract; *second*, by estoppel; *third*, by accepting some security inconsistent with the lien. Certainly there was no express contract of waiver. It is also certain that there is no estoppel in this case, and there is no evidence whatever of any security given to or accepted by respondents. *Ridge v. Mercantile Co.*, 56 Mo. App. 155–158; *Jodd v. Duncan*, 9 Mo. App. 417; *Lee v. Hassett*, 39 Mo. App. 67–71; *Fitzharris v. Leggatt*,

10 Mo. App. 524. (6) The next point made by appellants is that the personal judgment against Hoos was vacated by the reversal of this cause (48 Mo. App. 161) and that a new personal judgment should have been rendered against Hoos. See the case of *Deatherage v. Sheidley*, 50 Mo. App. 490. But the case of *Marble Co. v. Bauman*, 55 Mo. App. 204, seems to hold the contrary. It therefore seems to us to be simply a question of whether this court will now follow its own decision or that of the St. Louis court of appeals. In any event, however, there is no necessity of a retrial of this cause. The evidence establishes without a doubt and without contradiction or dispute that the debt is just; that the materials were worth the amount charged and that they were actually used in the construction of the buildings. If, therefore, the court should be of the opinion that the judgment entry is erroneous, it should simply remand the cause, with directions to the circuit court as to the proper form of judgment entry.

GILL, J.—This is a case of long standing, having originated in the Jackson circuit court more than seven years ago, and was here on a former appeal, in the year 1891 (48 Mo. App. 161). The object of the suit is to enforce a mechanic's lien against a lot in Kansas City and two houses thereon, on account of lumber furnished by the plaintiffs to the defendant Hoos, and which was used in the erection of the houses. The other defendants are trustees and their beneficiaries in two deeds of trust executed by Hoos to secure certain notes made by him.

At the first trial had in the circuit court, the lien paper was excluded; the plaintiffs appealed; this court held the action of the circuit court erroneous, and for that reason, reversed its judgment and remanded the cause for a new trial. There has now been a second

trial, resulting in a judgment for plaintiffs, and for the enforcement of a mechanic's lien, and all the defendants, except Hoos, the original debtor, have appealed.

We shall now proceed to consider the various errors assigned and elaborately presented by the very industrious and indefatigable counsel for defendants.

I.   Complaint is made of the court's action in refusing to change the venue on the defendant's application.   We discover no error in this ruling. The application was based on the affidavit of defendant Hoos, who, though never denying or defending the merits of the case as against him, and all the time admitting the justice of the debt, yet filed an affidavit that he could not safely go to trial before the inhabitants of Jackson county, and that this knowledge came to him since the last term of court.   However this may be, the defendants were entitled to a change of venue, if the affidavit was sufficient on its face and was presented to the court in due season.   But this was not done.   According to the affidavit, Hoos came to the knowledge of this prejudice of the inhabitants of Jackson county, on the eighteenth day of September, 1893.   Monday, October 9, was the first day of the next regular term of court.   It was a matter of dispute as to whether or not the application for a change of venue was lodged with the clerk on the first day of court.   Defendants introduced evidence tending to prove that it was filed on the first day of the term, while plaintiffs' testimony on that issue tended to prove that the application was not left with the clerk until a few days thereafter.   The court found that the application was not filed on or before the first day of court, and for that reason declined to award a change of venue.   And on this state of facts, it would have been error for the court to do otherwise than deny the application, since the statute provides that:

"Such application shall be made as soon as practicable after the defendant acquires such information and knowledge, and in no case later than the first day of the next regular term of the court thereafter." Sec. 2260, R. S. 1889.

Neither was the offer to file the application with the clerk on September 29 (during the vacation of the court) a proper presentation thereof. Even if accepted by the clerk and marked filed, this would not be a compliance with the law. The statute requires that the application be presented "to the court or judge thereof in vacation." Section 2261. A filing, then, with the clerk during vacation, can not be treated as a presentation of the application to either the court or the judge. *Berlin v. Thompson*, 61 Mo. App. 234. The court, therefore, correctly refused to award a change of venue.

II. There is still less merit in defendants' contention that the court erred in permitting plaintiffs' counsel to read as evidence the testimony of certain witnesses contained in the bill of exceptions of the former trial. Under the statute (Laws, 1891, p. 138) evidence thus preserved may be treated as the deposition of the witness; and, as a deposition, the same may be read to the jury, "if the witness resides or is gone out of the state." Sec. 4461, R. S. 1889. In the matter of these witnesses, these conditions were clearly shown.

III. As to the further contention that the lien paper was erroneously admitted, because not showing on its face the *year* in which the lumber was sold and delivered, it is sufficient to say, that this matter was settled when the case was here before. 48 Mo. App. at page 164. Defendants' counsel, at the oral argument, presented for our inspection the original lien paper, and we were asked to say that it failed to show

the date "1888," at the head of the bill of items.   The paper was somewhat mutilated, worn, and defaced, and it is now difficult to determine from its inspection, whether, at the time of filing the lien, the date was "88," 188 , or 1888.   At the trial, however, defendant called Mr. Alexander as a witness and his testimony places the question at rest.   This gentleman seems to have prepared the lien papers and filed them with the circuit clerk.   In answer to the question propounded by defendants' counsel, as to who fastened the papers together and what figures were there at the time they were filed, he answered: "The figures 1888."   By the court:  "I understand you to say that when the account was made, that this statement at the top was *'Kansas City, Missouri, 1888.'*"   "A. Yes, sir."   We hold, then, that the lien paper was a "just and true account," within the meaning of the statute, and that the court correctly received it in evidence.

IV.  The evidence shows that about the time, or a few days prior to Hoos' contract with plaintiffs for the purchase of the lumber in question—at all events, before any substantial portion thereof was furnished— Hoos bought the lot from Forsee, paid a part of the purchase money, and gave a deed of trust on the lot to secure the balance.   About the same time also Hoos borrowed from Hicks some money, with which to build the houses, and executed to him a deed of trust to secure the same—Hicks, however, exacting from Hoos a bond that the buildings should be erected and that they should be protected from mechanics' liens, and Lowen was Hoos' security on this obligation.   At the time plaintiffs filed their lien and began this suit, and even yet, as far as we know from the testimony, these deeds of trust stood as unforeclosed liens on the lot.   In view, now, of these facts, defendants insist that the

trial court erred in declaring a lien in plaintiffs' favor, on the lot, along with the buildings. At all events, it is contended, the court should have adjudged a priority of right in the mortgagees as to the lot.

The statute has definitely fixed the respective rights of these two classes of liens. As to the *buildings* erected on the real estate, the holder of a mechanic's lien takes precedence over the mortgagee, whether the lien of the latter was placed on the land before or after the commencement of the improvement. But, as to the *land itself*, the lien of the mortgage will be entitled to a priority, if the same came into existence, or was created before the erection of the building was commenced. If the mortgage, however, is placed on the land, *after the commencement of* the improvement for which the materials were furnished, then the mechanics' lien will have priority over the mortgage as to both real estate and building. Secs. 6707-6711, R. S. 1889.

But even where the mortgage lien antedates the inception of the mechanic's lien, and therefore stands as the prior security, there is nothing in the statute to prevent the latter from reaching the equity of redemption belonging to the owner. Although the mechanics' lien, in such case, will be inferior or subject to the mortgage, yet the holder of the former may enforce his claim against the land, "to the extent, and only to the extent, of all the right, title, and interest owned therein by the owner or proprietor of such building, erection, or improvement, for whose immediate use or benefit the labor was done, or things were furnished." Sec. 6706, R. S. 1889. So, then, conceding the priority of the claims of these mortgagees as to the *lot* on which these houses were built, the plaintiffs were, before foreclosure of such deeds of trust, clearly entitled to enforce their lien against the interest yet remaining in Hoos, the owner. And that was all that was done in this

case. The judgment complained of went no further than to charge the interest of Hoos; it does not pretend to adjust any priorities or to award the plaintiffs a claim against the land superior to that of the defendant's mortgagees. A purchaser under a sale made to enforce this mechanics' lien would only take an absolute title to the buildings, and such other interest in the lot as Hoos had, which was clearly subject to all prior mortgages. A sheriff's sale in the mechanics' lien suit would convey only the equity of redemption and such title might be subsequently. extinguished by a sale under the deeds of trust. *Ins. Co. v. Ellison*, 30 Mo. App. 67.

More than this, it would have been improper for the circuit court, in this suit to enforce a mechanic's lien, to attempt to adjust these priorities, unless the parties consented thereto; that was a matter for future adjudication. *Steininger v. Raeman*, 28 Mo. App. 594. And, indeed, in such cases it may become unnecessary, as the incumbrances might be paid off, or settled in some way by the mortgagor, or mechanics' lien purchaser. If, however, it had appeared that before the beginning of the mechanics' lien suit, the deeds of trust had been foreclosed, then it would have been proper, as in *McAdow v. Sturtevant* (41 Mo. App. 220) to adjust and settle the matter of priority and confine the mechanics' lien to the building alone. Under such circumstances, it would appear clear that there was no interest remaining in the former owner of the property which could be subjected to the mechanics' lien; the equity of redemption would then be gone.

V. As already intimated, when Hoos borrowed from Hicks the money with which to build the houses, the former, with Lowen as security, executed a bond to the latter, conditioned that he (Hoos) would erect

Vol. 67 app—18

the houses and keep them free of mechanics' liens. Of this plaintiff Bruce was advised at the time he sold the bill of lumber to Hoos; and as Bruce had only a limited acquaintance with Hoos, he (Bruce) went to Lowen and inquired about the matter. Thereupon Lowen admitted that his firm had made the bond and that he expected to see that all material was paid for. This now is relied on as proving a waiver of a lien on the part of the plaintiffs.

I fail to discover anything in this conduct by the plaintiffs that can be construed into a waiver. There is nothing in this even *tending* to prove that plaintiffs intended to look to Lowen and abandon the security the law provides. For that matter, the bond was not made for the benefit of, or to secure, plaintiffs; it was a contract wholly between Hicks on the one side and Hoos and his sureties on the other. Of course, every material man, in selling to a builder, relies to some extent on the contractor, but this does not carry with it the idea that a mechanic's lien is not also relied on. *Ridge v. Mercantile Co.*, 56 Mo. App. 155. In such cases the intent to waive the lien must clearly appear. *Lee v. Hassett*, 39 Mo. App. 67; *Jodd v. Duncan*, 9 Mo. App. 417. Even if plaintiffs placed some confidence in this verbal promise made by Lowen, yet no waiver could be therefrom implied. "The intention to waive must clearly appear, as by taking a security inconsistent with the idea of a mechanic's lien." *Peck v. Bridwell*, 10 Mo. App. 524.

VI. Lastly, now, we come to the objections raised as to the nature and form of the judgment; which, after reciting that a jury was waived and that the issues were found for plaintiffs and lien sustained in the sum of $637.20, reads as follows: "It is therefore considered and adjudged that the judgment heretofore rendered in this cause against defendant Hoos (which

judgment, with interest thereon at six per cent per annum, amounts to the sum of $665.45) to the extent of six hundred and thirty-seven dollars and twenty-two cents, with the costs of this suit, and interest from the date of this judgment at six per cent per annum be enforced as a special judgment against the property described in the petition in this cause, to wit: Lot number seventy-one of Carlton Place, an addition to Kansas City, Jackson county, Missouri, together with the improvements thereon, and if property of John J. Hoos sufficient to satisfy said judgment can not be found, then the same shall be levied out of said property and that plaintiffs have execution therefor.''

It is first objected that this judgment is illegal and void in that it fails to render a personal judgment against Hoos, the original contractor, for the amount of the debt. Unquestionably, the court did not, at the last trial, render a judgment against Hoos; an inspection of the above record entry shows this. It merely recites that a judgment was *formerly* rendered against Hoos. This judgment formerly or ''heretofore'' rendered against Hoos, was that entered against him and the other defendants at the first trial, and from which the other defendants (though not Hoos himself) appealed, and which this court reversed (48 Mo. App. 161). The court seems to have assumed that the former reversal, on the appeal of the defendant's, mortgagees, did not disturb the judgment as against Hoos, but that it remained *intact*, as though no appeal had been taken by the other defendants. This ruling conformed to the decision of this court in *Deatherage v. Sheidley*, 50 Mo. App. 490, wherein it was held that, where a personal judgment was rendered against both the contractor and owner in a mechanic's lien suit before a justice of the peace, and from which the landowner appealed, but

the contractor did not, it was error for the circuit court to again enter a judgment against the contractor.

In *Carthage Marble Co. v. Bauman*, 55 Mo. App. 204, the St. Louis court of appeals has taken a different view of practically the same question. In that case Bornschein was the original contractor and Mrs. Bauman was the owner of the house and lot sought to be charged with a mechanic's lien. After the first trial, the latter appealed from the judgment of the circuit court, but Bornschein did not, and the appellate court reversed and remanded the cause for a new trial. The case was again brought to the appellate court, and Judge BIGGS, speaking for the court, used this language: "It seems that on the last trial, both parties regarded the contest *solely* between the plaintiff and Mrs. Bauman, and that the sole issue was, lien or no lien. This, we assume, was on the idea that the first appeal and the judgment of reversal therein in nowise affected the judgment against Bornschein. * * * But, in our opinion, counsel misconceived the effect of our judgment of reversal. The judgment enforcing a mechanic's lien in favor of a subcontractor is merely *incidental* to a judgment in his favor against someone standing in a contractual relation with the owner of the property. *Steinkamper v. McManus*, 26 Mo. App. 51. The lien can not exist, and in the absence of a statute, can not be enforced, *apart from such judgment*. Therefore, the first appeal brought up for review the entire judgment, and the reversal vacated it as an entirety. When we consider that there can be but *one final judgment* in the cause (R. S. 1889, sec. 2213; *McCord v. McCord*, 77 Mo. 166; *Caulfield v. Farish*, 24 Mo. App. 110), the conclusion is unavoidable that there could not be one judgment against Bornschein for the debt, and another, at a subsequent term, enforcing the lien. Again, the statute requires, in such cases, that the

judgment enforcing the lien shall be on condition that the judgment for the debt be first made out of the property of the contractor. This conclusively shows that there can be but one judgment. Our conclusion is that it was necessary on the second trial for the plaintiff to make out its case against Bornschein.''

In view, then, of these conflicting decisions, what shall be done in the present action? After a thorough consideration, I am, speaking for myself alone, convinced of the correctness of the conclusion reached by the St. Louis court; and in my opinion we ought to recede from the position taken in *Deatherage v. Sheidley*. In addition to what is so well said by Judge BIGGS, further reasons present themselves to my mind. The landowner, whose property is about to be charged with a mechanic's lien, has the legal right to question the amount of the debt. He is not bound absolutely to the sum agreed upon by the contractor and material man. His property can only be charged with the *fair and reasonable value* of the materials that may be used in the construction of the improvements. Phillips on Mech. Liens [2 Ed.], sec. 131; *Deardorff v. Everhart*, 74 Mo. 37; *Henry & Coatsworth Co. v. Evans*, 97 Mo. 47-52; *Grace v. Nesbit*, 109 Mo. 9, 17, 19.

He may not only object as to the prices put on the materials under the contract between the original parties, but he has the right to have the court investigate and determine whether or not the various items charged actually went into the building. The character and extent of the claim, then, are often a matter of importance to the property owner. He ought not, therefore, be cut out of the right to have the matter investigated up to the last moment that a judgment may be fastened on his property. And when the owner appeals from a judgment charging his real estate, it ought to be understood that he carries along with the appeal

the right to litigate all these matters which directly concern his property.    The extent of the claim is indissolubly connected with the matter of lien.    It is all one suit, to be followed with *one judgment* and *one execution.* Several judgments and as many different executions, rendered and sued out at one time, were never contemplated.

In my opinion, then, when these defendant mortgagees first appealed this case, the whole matter was taken up, and when subsequently the court reversed the judgment below and remanded the cause, it stood then as though no trial had ever been had and no judgment entered.    *State ex rel. Holden v. Gill*, 84 Mo. 248. The effect of the reversal was to vacate the entire judgment; and when the court came to consider the case again, there should have been one judgment covering every question in the case—a finding and judgment as to the debt, joined to and made part of the judgment enforcing the lien.

In this case, however, the testimony shows, without dispute, that plaintiffs had, at the time this suit was brought, a just demand against Hoos, in the sum of $502.90, and that it was for materials that went into the construction of the houses in question.    The judgment, then, ought to be reversed and remanded, with instructions to enter the proper judgment; that is, against Hoos for $502.90, with interest at 6 per cent from the institution of the suit, and that the gross amount be charged as a lien on the property.    And when the judgment is again entered, plaintiff's counsel should see that the same conforms to section 6718, and thereby avoid the further technical criticism on the present judgment to the effect that it directs the entire judgment to be made out of the lot and houses, even though a *portion* thereof could be collected from defendant Hoos.