GEORGE F. HOLLAND *et al.*, Respondents, v. L. H. DEPRIEST, Appellant.

**St Louis Court of Appeals, February 13, 1894.**

**Jurisdiction, Appellate:** TRANSFER OF CAUSES TO SUPREME COURT. When this court is in doubt as to whether a constitutional question is fairly raised by the record in a cause, its practice is to transfer the cause to the supreme court for disposition.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

TRANSFERRED TO SUPREME COURT.

*James Orchard* and *L. B. Woodside* for appellant.

*Brown & Searcy* for respondents.

BIGGS, J.—The plaintiffs claim to be the employees and creditors of the McCaskill Mercantile and Lumber Company, an insolvent corporation. They began this proceeding by motion in the circuit court to compel the defendant, as sheriff of Shannon county, to satisfy their alleged claims for labor out of moneys in his hands, arising from the sale of attached property belonging to the corporation. The plaintiffs averred in their motion that in April, 1891, the defendant had seized all of the property of the lumber company under several writs of attachment, and that, under the orders

VOL. 46—33

of court, he had sold the property for $2,400; that at the time of the seizure the plaintiffs were working for the company, and that it was indebted to them in the respective amounts stated for labor performed within six months next before the date of the seizure, and that on the fourth day of May, 1891, which was within ten days after the seizure, the plaintiffs made out and delivered to the defendant itemized statements of the respective amounts due them from the lumber company, which statements were duly verified, etc. The plaintiffs then claimed that, as no interested party had filed any exceptions to their claims, it was the duty of the sheriff to pay them out of the money in his hands belonging to the lumber company, and that the plaintiffs were entitled to an order of the court directing him to do so.

The grounds of the motion are to be found in section 4911 of the Revised Statutes of 1889, which, under certain limitations and conditions, requires the claims of the employees of insolvents to be first paid. The section appeared for the first time in the revision of 1889 as an amendment to the execution law. It reads: "Hereafter when the property of any company, corporation, firm or persons shall be seized upon by *any process* of any court of this state, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants which have accrued by reason of their labor or employment to an amount not exceeding $100 to each employee, for work or labor performed within six months next preceding the seizure or transfer of such property shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors and shall be first paid in full; and if there be not sufficient to pay them in full, then the same shall be paid to

them *pro rata*, after paying costs. Any such laborer or servant desiring to enforce his or her claim for wages under this chapter shall present a statement under oath showing the amount due after allowing all just credits and set-offs, the kind of work for which such wages are due, and when performed, to the officer, person or court charged with such property, within ten days after the seizure thereof on any execution or writ of attachment, or within thirty days after the same may have been placed in the hands of any receiver or trustee; and thereupon it shall be the duty of the person or court receiving such statement to pay the amount of such claim or claims to the person or persons entitled thereto, after first paying all costs occasioned by the seizure of such property, out of the proceeds of the sale of the property seized: *Provided*, that any person interested may contest any such claim or claims, or any part thereof, by filing exceptions thereto, supported by affidavit, with the officer having the custody of such property; and thereupon the claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof before any part thereof shall be paid."

The defendant denied the authority of the circuit court to entertain the motion and he set up the fact, that, the day before the attachment of the property, the lumber company had made a general asssignment of its property for the benefit of its creditors, and that the assignee had claimed the property on interplea, which had not been determined; that the plaintiffs had failed to have their claims allowed by the assignee, and that, if the defendant was then required to pay the plaintiff's demands, he might be compelled to answer to the assignee for the entire amount of money in his hands.

Upon proof of the facts that the plaintiffs had com-

plied with the provisions of section 4911, *supra*, the court sustained the motion of the plaintiffs, and an order was made requiring the defendant to satisfy their claims. From that final order the defendant has appealed.

It will be observed that section 4911 provides that, when the property of any insolvent is seized under *any process* of any court in this state, an unpaid employee may avail himself of the extraordinary remedy afforded to him by this section. The section expressly provides for the remedy in cases of seizure under writs of attachment.

Counsel for the defendant insist that, as the section is merely an amendment to the execution law, it is unconstitutional in so far as its terms apply to seizures under writs of attachment. Constitution, art. 4, sect. 28. Whether this question is fairly raised by the record we have some doubt; but, when we entertain such a doubt, it has been our practice to transfer the case to the supreme court rather than take the risk of assuming an unwarranted jurisdiction.

But, aside from the constitutional question presented, there are other considerations which induce us to transfer the case, in order that the section, which is a new one, may receive an authoritative interpretation, and its validity be tested on other grounds. It seems to us to be an extraordinary piece of legislation. It makes it the duty of the sheriff or other person having in charge the property of an insolvent to pay the claims of employees upon their verified statements only, unless *some* interested party should file exceptions to the claims; but it does not make it the duty of any one to give interested parties notice of the filing of the claims. The enforcement of the section according to its terms would result in taking the property of a person without notice which would be without due process of law.

Constitution of the United States, 14th Amendment, sect. 1; Art. 2 sect. 30, Bill of Rights; *Clark v. Brown,* 25 Mo. 563; *Missouri Fire Clay Works v. Ellison,* 30 Mo. App. 67.

For the foregoing reasons, the cause will be transferred to the supreme court. All the judges concur.