65 329
69 376

GEORGE F. HOLLAND *et al.*, Respondents, v. L. H. DEPRIEST, Appellant.

### St. Louis Court of Appeals, February 25, 1896.

1. **Attachment**: REFUSAL OF OFFICER TO PAY PREFERRED CLAIMS FOR LABOR: INTERVENTION IN COURT. An insolvent corporation made an assignment for the benefit of creditors. The next day the property was attached, and subsequently, and after the assignee had filed an interplea therefor, it was sold as perishable. Employees entitled to preferences under Revised Statutes, section 4911, duly delivered sufficient statements of their claims to the attaching sheriff, but did not have their claims allowed by the assignee. *Held*, that, on failure of the sheriff to pay them, the employees were entitled to intervene in court by motion, and thereupon to an order on the sheriff to pay them without awaiting the result of either the interplea or the attachments.

*Appeal from the Shannon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*L. B. Woodside* and *James Orchard* for appellant.

*John C. Brown* and *J. B. Searcy* for respondents.

BIGGS, J.—The plaintiffs claim to be the employees and creditors of the McCaskill Mercantile and Lumber Company, an insolvent corporation. They began this proceeding by motion in the circuit court to compel the defendant, as sheriff of Shannon county, to satisfy their alleged claims for labor out of moneys in his hands and arising from the sale of attached property belonging to the corporation. The plaintiffs averred in their motion that in April, 1891, the defendant had seized all of the property of the lumber company under

several writs of attachment, and that under the orders of court he had sold the property for $2,400; that, at the time of the seizure, the plaintiffs were working for the company, and that it was indebted to them in the respective amounts stated for labor performed within six months next before the date of the seizure, and that on the fourth day of May, 1891, which was within ten days after the seizure, the plaintiffs made out and delivered to the defendant itemized statements of the respective amounts due them from the lumber company, which statements were duly verified, etc. The plaintiffs then claimed that, as no interested party had filed any exceptions to their claims, it was the duty of the sheriff to pay them out of the money in his hands belonging to the lumber company, and that the plaintiffs were entitled to an order of the court directing him to do so.

The grounds of the motion are to be found in section 4911 of the Revised Statutes of 1889, which, under certain limitations and conditions, requires the claims of the employees of insolvents to be first paid. The section appeared for the first time in the revision of 1889 as an amendment to the execution law. It reads: "Hereafter when the property of any company, corporation, firm, or person shall be seized upon by *any process* of any court of this state, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants, which have accrued by reason of their labor or employment, to an amount not exceeding one hundred dollars to each employee, for work or labor performed within six months next preceding the seizure or transfer of such property, shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors, and shall be first paid in full; and if there be not sufficient

to pay them in full, then the same shall be paid to them *pro rata*, after paying costs. Any such laborer or servant desiring to enforce his or her claim for wages under this chapter shall present a statement under oath showing the amount due after allowing all just credits and set-offs, the kind of work for which such wages are due, and when performed, to the officer, person or court charged with such property, within ten days after the seizure thereof on any execution or writ of attachment, or within thirty days after the same may have been placed in the hands of any receiver or trustee; and thereupon it shall be the duty of the person or court receiving such statement to pay the amount of such claim or claims to the person or persons entitled thereto, after first paying all costs occasioned by the seizure of such property, out of the proceeds of the sale of the property seized; *Provided*, that any person interested may contest any such claim or claims, or any part thereof, by filing exceptions thereto, supported by affidavit, with the officer having the custody of such property; and thereupon the claimant shall be required to reduce his claim to judgment before some court having jurisdiction thereof, before any part thereof shall be paid."

The defendant denied the authority of the circuit court to entertain the motion, and he set up the fact that, the day before the attachment of the property, the lumber company had made a general assignment of its property for the benefit of its creditors, and that the assignee had claimed the property on interplea which had not been determined; that the plaintiffs had failed to have their claims allowed by the assignee, and that, if the defendant was then required to pay the plaintiffs' demands, he might be compelled to answer to the assignee for the entire amount of money in his hands.

Upon the hearing of the application it was conceded that the claims as presented were valid, and were for labor performed for the lumber company within six months next before the date of the seizure under the attachments; that the claimants had fully complied with the provisions of section 4911, *supra;* that the lumber company had made an assignment the day before the attachment; that the assignee had filed an interplea for the goods, which interplea was then pending; that the claimants (except Pitt and Jackson) had failed to have their demands allowed by the assignee, and that the goods had been sold by the sheriff under the order of court for $2,400, which was more than sufficient to pay the cost of the attachment proceedings. Thereupon the circuit court made an order, requiring the defendant to satisfy the claims out of the funds in his hands. From that order he has appealed.

The first point made in the defendant's brief is that, as section 4911, *supra*, is an amendment to the execution law, in so far as its terms apply to seizures under writs of attachment, it is unconstitutional. Constitution of Missouri, art. 4, sec. 28. When the case was first submitted, we were in doubt whether this question was raised on the record, and, rather than run the risk of assuming an unauthorized jurisdiction, we transferred the case to the supreme court. 56 Mo. App. 513. That court has remanded it, holding that the question of the constitutionality of the law was not presented by the record. Therefore, all questions touching the validity of the statute must be put aside.

The contention, that the circuit court had not the jurisdiction to hear and determine the application, is not tenable. When the property was first seized, the application for payment was made to the sheriff, which could not then be complied with as the property consisted of specific chattels. Subsequently the assignee

filed an interplea claiming the property, and then followed its sale under the order of court. Thus the proceeds of the sale were impounded, so to speak, which prevented the sheriff from acting and rendered an application to the court necessary. We can conceive of no valid objection to this. The assignee, sheriff, attaching creditors, and fund were all before the court. There is a similar statute in California, and the supreme court of that state has given its sanction to a proceeding like this, viewing it in the nature of an intervention. *Robertson v. People*, 38 Pac. Rep. 329.

As the insolvency of the lumber company was conceded, the claimants were entitled to have their claims preferred and paid either as against the attaching creditors or the assignee; therefore, they were not bound to wait for the termination of the interplea or the attachments. The manifest intention of the statute was to provide for the prompt payment of such claims for labor, leaving other rival claimants to settle their controversies among themselves.

The claim, that the defendant may be compelled to account to the assignee for the entire proceeds, is not well founded. The rule is that, whenever one does what the law authorizes, whoever sustains an injury on account of it must endure the loss. Bishop, Noncontract Law, sections 111 and 112.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered. All the judges concur.